[Civ. No. 5960. Second Appellate District, Division Two.—January 9, 1931.]

CONSOLIDATED NATIONAL BANK OF TUCSON, ARIZONA, Respondent, v. THE REINIGER MINING AND SMELTING COMPANY (a Corporation) et al., Appellants.

Clyde C. Shoemaker and J. F. Moroney for Appellants.

W. I. Gilbert for Respondent.

ARCHBALD, J., *pro tem.*—This is an appeal by defendants from a judgment entered by the trial court against them in favor of the plaintiff in the sum of $1464.45.

Plaintiff brought its action in the court below to recover upon a judgment rendered the twenty-ninth day of March, 1920, in the Superior Court of the County of Maricopa, State of Arizona, in an action entitled George A. Kennedy, Plaintiff, *v.* The Reiniger Mining and Smelting Company, a Corporation, and Charles P. Reiniger, Defendants. In said action the plaintiff caused a writ of garnishment to be issued and served on the Consolidated National Bank of Tucson, Arizona, the plaintiff in the present case. The bank failed to answer said writ, and after judgment was rendered against the defendants in said action and on the same day, the plaintiff entered a judgment by default against said garnishee for the same amount as the primary judgment. The defendants in their answer to plaintiff's complaint admit that at the time said writ of garnishment was served on said Consolidated National Bank that it was not indebted to defendants or either of them and that it had no money or other property of either of the defendants. Both judgments were rendered March 29, 1920, and were final judgments on May 16, 1921, when said Kennedy assigned said primary judgment to said bank, and satisfied the judgment against the bank upon receipt from said bank of the amount of the judgment so taken against it by default. The facts above stated clearly appear from the evidence introduced, even without the documentary evidence, objection to the introduction of which was sustained by the trial court.

■ Appellant contends that the payment to Kennedy by the bank of the judgment against it was a satisfaction of the primary judgment as well as the one against the garnishee, and that the assignment of such primary judgment was wholly ineffective to prevent such satisfaction. ·

There is no question but that if the bank had satisfied the judgment against the defendants it would have been a voluntary payment and the bank could not have compelled contribution. (*Segog* v. *Engle*, 43 Minn. 191 [45 N. W. 427].) The record is clear, however, that such was not attempted to be done by either party to the transaction. The witness Steinfield, who was the president of the bank at the time of the transaction with Kennedy, was asked regarding the payment made to Kennedy: "It was in full settlement of both transactions?" To which he answered: "No, it was settlement of the garnishment against the bank and an assignment of the claim upon which this was based." On direct examination said witness testified relative to the settlement as follows: "Q. What did the bank pay that $1566.93 to Kennedy for? A. It paid it for the judgment that Kennedy obtained against Reiniger in an action which he brought against Reiniger and the garnishee judgment that the bank had entered against it because it inadvertently had forgotten to file an answer." There is nothing in the record to contradict such testimony. While it is true that the judgment against the bank effectually estopped it from denying as against the plaintiff Kennedy that it had no funds or property of the defendants in the action, and was not indebted to them, it did not make the bank jointly or severally liable to Kennedy on the same obligation with the defendants, nor did it create any relation at all with the defendants. As to them the bank remained as it was before, a stranger, and as such stranger, while it did not have the right by paying the primary judgment and satisfying it, to compel contribution, as we have said, it certainly had the right to protect itself by paying the judgment so inadvertently rendered against it, and taking an assignment of the judgment against the defendants.

■ A garnishment proceeding is in effect a suit by the defendant against the debtor, by which plaintiff is subrogated to the rights of the original creditor. (*Hunting-*

*ton* v. *Risdon,* 43 Iowa, 517.) Here the defendants had no rights to which Kennedy could become subrogated, and defendants not having been prejudiced by the assignment which Kennedy had the right to make and the bank to take, and not having paid the judgment against them, we do not see where they have any reason to complain.

Defendants offered in evidence the complaint, answer and transcript of minute orders of November 18, 1922, and December 30, 1922, in the case of *Kennedy* v. *Charles P. Reiniger and Frank W. Leslie,* in the Superior Court of the State of Arizona, in and for Pima County, and also exemplified copies of the complaint, answer, first amended answer on motion to bring in additional parties defendant of the Consolidated National Bank of Tucson, supplemental answer of the same defendant, second supplemental amended answer of said bank, verdict of the jury, and transcript of minutes entered, particularly of October 11, 1921, and October 13, 1921, and to and including the minute entry of Friday, November 18, 1921, all in that certain action in the Superior Court of the State of Arizona, in and for the County of Pima, entitled *Selim M. Franklin* v. *Consolidated National Bank of Tucson, Arizona,* to all of which plaintiff's objections to such introduction were sustained by the court. It is appellant's contention that the documents so offered show that the action of the Arizona court, in each case, bars plaintiff's action in the present case, and that the court committed prejudicial error in sustaining such objections.

The complaint in the first case, i. e., that of *Kennedy* v. *Reiniger and Leslie,* alleges the making and docketing of the judgment sued on here, the issuance of a writ of execution directed to the plaintiff in Pima County, Arizona, and its return unsatisfied. That the defendant Reiniger in 1919 purchased from certain parties an undivided one-half interest in and to certain mining claims, the deed for which he caused to be made to the defendant Leslie; that the purchase price was paid by Reiniger and title taken by said Leslie for his benefit, and for the purpose of hindering, delaying and defrauding the creditors of said Reiniger, and that Leslie had notice of such intent, and the complaint prayed that it be decreed that Reiniger was the real owner of said interest, and that the same be sold to pay plaintiff's

judgment. The complaint was filed December 5, 1921, and after the assignment to the bank by Kennedy of the judgment sued on. The defendants in their answer set up a plea in bar, alleging substantially that the plaintiff had no real interest in the judgment set out in the complaint for the reason that the same had been satisfied and discharged by the plaintiff in this action, and that said bank was the real party plaintiff, "wherefore, defendants plead in bar to this action that the plaintiff is not the real party in interest and that the same should be dismissed".

There seems to be but the one plea in bar in the answer in said case, as distinguished from the usual denials and allegations making up the answer, and which set up the defense of payment by reason of the payment and satisfaction of the judgment against the garnishee bank, and also that the claim of the bank under the assignment of the primary judgment to it by the plaintiff Kennedy, had been adjudicated adversely in the said case of *Franklin* v. *Consolidated National Bank,* and the bank being the real party in interest in said case of *Kennedy* v. *Reiniger and Leslie,* such adjudication was *res adjudicata* in the latter case. The defendants in such case offered in evidence in support of such plea in bar, the judgment, assignment to the bank and release of the garnishee judgment in the case of *Kennedy* v. *Reiniger Mining and Smelting Co. et al.,* and on December 30, 1922, the court made an order sustaining said plea in bar. Counsel for defendants urges that inasmuch as the assignment to the bank authorized it to take in the name of Kennedy "all lawful ways and means for the recovery of the money due or to become due on the judgment", and also gave the bank the power to take in Kennedy's name or otherwise, "all lawful ways and means for the recovery of the money due or to become due on said judgment", and as there was no doubt but what the suit was being prosecuted in Kennedy's name for the benefit of the bank, that the facts pleaded in bar were not that Kennedy had assigned the judgment to the bank, but that the judgment "had been paid in full, satisfied and discharged by the Consolidated National Bank of Arizona", and the court having so decided, the judgment in that case is a bar to the action here. Unfortunately, the defendants in such case did not so frame their plea in bar, but based

it on the clause that "the plaintiff is not the real party in interest and that the same should be dismissed". That would seem to be the only question raised by the so-called plea in bar and would seem to be the only question the court had power to decide in disposing of the plea. The defense of payment is fully set up in the answer apart from the plea.

The documents in the case of *Franklin* v. *Consolidated National Bank* so offered in evidence show that the plaintiff in that case sued the bank for the sum of $1806.03 which the complaint alleged the bank had agreed to pay to one L. E. Jettinghoff, and which claim was assigned by Jettinghoff to plaintiff. The answer of the bank sets out that one Laughlin purchased from one Anderson and said Reiniger a certain truck for which he gave them two promissory notes in the sum of $1750, and that thereafter Reiniger became the owner and holder of the notes; that thereafter and on or about July 3, 1919, Laughlin placed in escrow the sum of $1806.03 with instructions to pay the same to Reiniger for account of said Laughlin upon receipt of said promissory notes and bill of sale for said truck. On February 3, 1921, the bank by one D. Bush, wrote a letter to said Reiniger, acknowledging receipt of the bill of sale and promissory note, which also provided: "I agree not to deliver above bill of sale and above notes to W. C. Laughlin until I have paid said L. E. Jettinghoff lawful money of the United States in full for the J. E. Anderson note for $1750.00 and interest and protest charges." The answer then sets up the proceedings in the case of *Kennedy* v. *Reiniger Smelting Co. et al.,* resulting in the assignment of the judgment in that case to the bank, including the service of the writ of garnishment on the bank, December 15, 1919. The answer then alleges that at the time of the service of the writ on it, said sum of $1806.03 was in the possession of the bank, "and that on or about March 19, 1921, one H. V. Anaya as assignee of said Anderson instituted a suit in said Arizona court to recover a sum of money alleged to be due, and caused a writ of garnishment to issue out of said court in said action and to be served on the bank." The answer also alleges that said Jettingoff was an employee of said Reiniger during all of the times mentioned and that said Franklin was his at-

torney, that the receipt for the bill of sale was wrongfully and fraudulently obtained by said Jettinghoff from the defendants' clerk, D. Bush, who had no authority to issue the same, all of which was known to said Franklin, and that said Reiniger prepared said instrument. The answer then prays that Reiniger, Jettinghoff, Anaya, Laughlin and Anderson be made parties to said action and that plaintiff take nothing by his action and that the $1806.03 be adjudged to have been the property of said Reiniger and subject to the Kennedy garnishment and that it be decreed that the bank be entitled to reimburse itself therefrom and that it be adjudged that said Franklin and the other parties named have no right whatever to said $1806.03. The judgment in said action recites that a jury was impanelled and sworn and that plaintiff and defendant each offered certain oral and documentary evidence and rested, after which the both parties made a motion for an instructed verdict, and that the court instructed the jury to return a verdict for the plaintiff, on which verdict, judgment was rendered for the plaintiff and against the defendant in said sum of $1806.03. The bank's motion to bring in the additional parties was denied except as to said Anaya. The minute orders offered show that the plaintiff offered in evidence the letter referred to executed by "D. Bush" for the bank; that the defendant offered in evidence the original writ of garnishment in the case of *Kennedy* v. *Reiniger Smelting Co. et al.*, plaintiff objecting thereto and which objection was sustained. The offer of the assignment (evidently assignment of judgment to the bank) was also objected to by plaintiff and the objection was sustained. The answer of the bank does not deny that Jettinghoff assigned his interest in said sum of money to Franklin, and consequently it admitted that the assignment was made, but alleges that it was "a purported transfer of assignment". It appears, however, that at the time of the levy of the writ of garnishment in the bank, the $1806.03 deposited with the bank by Laughlin was still his money and that the conditions that would have given Reiniger or his assignee the right to claim it had not been performed, i. e., the promissory notes and bill of sale had not been deposited, and from the record offered apparently were not deposited until on or about February 3, 1921, so there would seem to be no merit

in the contention of the bank in such case that said sum of money was subject to the lien of the garnishment on which judgment was rendered against it, as no relation of debtor and creditor existed at such time as between it and said Reiniger, and as against the claim of Reiniger's assignee, on the showing made, it had no right to set off said sum of $1806.03 or any part of it (*Aigeltinger Co.* v. *Healy-Tibbitts Const. Co.*, 23 Cal. App. 608 [139 Pac. 436, 438]), and the assignment of the fund to Franklin carried the title to it, so the court evidently decided that there was no evidence of fraud in the transaction, and we fail to see how the evidence offered was competent to show that the question here was adjudicated by the court in that case, and no error was committed in sustaining such objections.

■ Appellant further contends that the court erred in ruling that the answer of the defendants did not state a defense. In this connection counsel for defendants points out that the facts alleged in defendants' fourth and separate defense show a former adverse adjudication by the Superior Court of Maricopa County, Arizona, of the rights of plaintiff, and implies that defendants were prevented from introducing evidence in support of such defense by the ruling of the court. We would quite agree with counsel if we could find anything in the record showing that defendants had been prevented by such ruling from so introducing evidence on such fourth ground of defense.

The findings of fact of the trial court recite that no evidence was offered by the defendants, or either of them, on said fourth and separate defense, and such finding is supported by the record before us.

After the documents mentioned above were offered in evidence the record shows the following colloquy between counsel: "Mr. Gilbert: I would like to know if the testimony is all in. Mr. Veitch: No. Mr. Gilbert: Well, let us finish the testimony first; we have stipulated that all these objections were to be passed upon by the court, and held in abeyance. Mr. Veitch: To the end of the case. Mr. Gilbert: Yes sir. Mr. Veitch: Very well.'' The record does not show any further offer of evidence by either party, and it shows that after argument the court made its ruling sustaining the objections theretofore made to the documents offered, and also that the court "also ordered that the

objections of counsel for plaintiff to the effect that the answer of the defendants herein does not state sufficient to constitute a defense, be sustained''. No evidence already introduced was stricken, however. It is true that the court made findings of fact, which could only be justified on the theory that some of the documentary evidence so offered (and objections to the introduction of which were sustained), was before the court, but the same result necessarily followed from the exclusion of such evidence, and we fail to see where any prejudice resulted therefrom. (Code Civ. Proc., sec. 475.) The notice of appeal recites that it is taken from the order denying a motion for a new trial in said action. Such an order is not appealable. (Sec. 963, Code Civ. Proc.)

Judgment affirmed. Appeal from order dismissed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 7, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 9, 1931.