410 P.2d 671

**Oscar SANDOVAL and Financial Indemnity Company, Appellants and Cross-Appellees,**

v.

**Chester A. CHENOWETH, Appellee and Cross-Appellant.***

**No. I CA–CIV 57.**

Court of Appeals of Arizona.

Feb. 8, 1966.

Rehearing Denied March 2, 1966.

Review Granted April 5, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7890. The matter was referred to this Court pursuant to Section 12–120.- 23 A.R.S.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, by John P. Otto, Jack M. Anderson, Phoenix, for appellants and cross-appellees.

Gibbons, Kinney & Tipton, by Jack C. Warner, Phoenix, for appellee and cross-appellant.

DONOFRIO, Judge.

This is an action arising out of an automobile accident which occurred on August 22, 1960, allegedly due to Defendant's negligence. Defendant, who it is claimed, does not speak or read English, was served with process but did not communicate this service to the garnishee-defendant, Financial Indemnity Co., Defendant's insurer. Thereafter, on May 10, 1961, a default judgment was entered against Defendant. Counsel for Financial Indemnity Co. first learned of the default on June 28, 1961. On August 8, 1961, a motion was made to set aside the default, which was denied. Thereafter a writ of garnishment was served on Financial Indemnity, an answer was filed asserting "no indebtedness", the plaintiff tendered issue and the insurance company answered the tender. The tender of issue and the answer thereto were not verified. Both parties made motions for summary judgment and the court entered judgment in favor of the plaintiff in the sum of $5,000, from which Financial Indemnity Co. prosecutes this appeal, and in favor of the Financial Indemnity Co. for all sums in excess of $5,000, from which plaintiff cross-appeals.

We will consider garnishee-defendant, Financial Indemnity Co.'s appeal first. The issues raised by this appeal involve the interpretation to be given the Financial Responsibility Law, A.R.S. §§ 28–1101 through 28–1225, and its constitutionality as applied.

Financial Indemnity Co. contends that the Financial Responsibility Act of the State of Arizona does not abrogate the policy defense of failure of the insured to give notice of the filing of a lawsuit to the insurance carrier; and if construed to so abrogate the above policy defense then it denied Financial Indemnity Co. due process of law as guaranteed under the state and federal constitutions.

We agree with Financial Indemnity Co. that the Financial Responsibility Act of the State of Arizona does not abrogate the policy defense of failure of the insured to give notice of the filing of a lawsuit to the insurance carrier. The policy involved is a voluntary policy. The policy was not issued to the insured to satisfy his proof of financial responsibility. The policy defense of notice of a lawsuit is one which the insurance company may properly assert after the accident to defeat liability. It is our opinion that The Arizona Supreme Court case of Jenkins v. Mayflower Ins. Exch., 93 Ariz. 287, 380 P.2d 145 (1963), should not be extended to include the situation in the case at bar. But it is also our opinion that Financial Indemnity Co. by its words and acts may waive certain conditions precedent to liability or be estopped to assert such policy defenses.

Under this interpretation, we feel the summary judgment in favor of Plaintiff for $5,000 pursuant to the Financial Responsibility Act should be reversed.

We now consider the plaintiff's cross-appeal. Plaintiff contends that the tender of issues filed by him in the trial court raised the issue of estoppel, and if so raised, considered together with the affidavits and

depositions on file, is a question of fact for the jury precluding summary judgment. The tender of issues filed by the plaintiff states: "That defendant, SANDOVAL, performed all conditions precedent, express and implied, required by the policy, or that he was excused from the performance of said conditions or some of them, or that the Garnishee-Defendant is estopped to assert non-performance by Defendant, SANDOVAL, of some or all of the conditions of the said policy."

Financial Indemnity Co. answered the tender of issue as follows: "Admits that the collision described in the Tender of Issue occurred on the 22nd day of August, 1960; Admits that on that date Garnishee-Defendant had issued to Defendant, Oscar Sandoval, a certain contract of insurance; that said contract is marked exhibit 'A', attached hereto and by this reference made a part hereof as though fully set forth in haec verba. Garnishee-Defendant denies each and every, all and singular, the remaining allegation of Paragraph No. 3 * * *."

■ Cross-Appellee, Financial Indemnity Co. contends that the issue of estoppel has not been properly raised for the reason that it must be specifically pleaded in order to rely thereon. And for the further reason that plaintiff has no standing to raise the issue of estoppel, being neither party nor privy to the transaction out of which the estoppel arose.

■ We will consider the standing question first. The issue involved is whether a judgment creditor (garnishor) in a garnishment action may negative the insurance company's (garnishee's) policy defense based upon acts of the insured (judgment debtor) so as to establish garnishee's liability to the judgment creditor, the injured plaintiff.

■ We think this issue should be answered in the affirmative. In a garnishment proceeding the plaintiff (garnishor) is subrogated to the rights of the judgment debtor. Consolidated Nat. Bank of Tucson, Ariz. v. Reiniger Mining & Smelting Co.,

111 Cal.App. 64, 295 P. 79 (1931); Shawver v. Shawver, (Mo.) 372 S.W.2d 916 (1963); 6 Am.Jur.2d 567, Attachment and Garnishment, Sec. 9. It is obvious that plaintiff (garnishor) may assert the rights of his judgment debtor against the garnishee.

■ We now consider the more difficult issue of whether estoppel has been raised by the pleadings and affidavits so as to preclude summary judgment. See 31 C.J.S. Estoppel § 163, p. 784 and 19 Am.Jur. Estoppel § 200, p. 855 for the proposition that where material facts are disputed, or if disputed and more than one inference can be drawn therefrom estoppel is a question for the triers of fact. See also Stevens v. Howard D. Johnson Co., 181 F.2d 390 (CA 4th, 1950); Ramsouer v. Midland Valley R. Co., 135 F.2d 101 (CCA 8th, 1943).

The general rule for pleading estoppel has been summarized in 19 Am.Jur. Estoppel § 193, p. 844 to be:

"an estoppel in pais must be strictly pleaded in that all the elements and facts necessary to constitute it must be set out in the pleading with precision, certainty, accuracy, and particularity. Such a plea in estoppel must be certain in every particular, and must allege every material fact which the pleader expects to prove or upon which the estoppel is predicated." 19 Am.Jur. Estoppel, p. 844.

The estoppel was alleged in the tender of issue and denied in answer to the tender of issue. The tender of issue is treated as a complaint and the answer thereto as an answer. No responsive pleading is required unless there is a cross-claim or counter-claim set forth in the answer. Rule 7(a) Rules of Civil Procedure, 16 A.R.S. The exception to the general rule which is applicable to this fact situation is clearly set forth in 31 C.J.S. Estoppel § 153(3) b, p. 753:

"Where replication or reply not permitted or required. Under systems of pleading which permit no replication or reply, the rule, stated supra § 153(1),

requiring estoppel to be pleaded in avoidance of a defense, has no application, and if plaintiff claims an estoppel against the defense set up in defendant's answer, he is entitled to give evidence concerning it without special pleading."

And in In re Brandts' Estate, 67 Ariz. 42, 190 P.2d 497 (1948) the court after stating that a counter-claim is required to be denominated as such before a responsive pleading is required said:

"Under these circumstances, the appellee was not required to reply to the executrix' answer, and could properly assert the affirmative defense of estoppel at the trial of the cause. It is provided in sec. 21–429, A.C.A.1939 (presently Rule 12(b) Rules of Civil Procedure), that: '* * * If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the time any defense in law or fact to that claim for relief.'" 67 Ariz. 47, 190 P.2d 500 (explanation supplied)

It is seen then that the issue of estoppel was properly before the court by the pleading. Further, the Plaintiff's affidavit setting forth the facts alleged to constitute estoppel was before the court when it denied the plaintiff's motion for a rehearing of Financial Indemnity Co.'s motion for summary judgment.

■ We have stated our reasons for reversing the granting of the plaintiff's motion for summary judgment, a motion which was based upon the Financial Responsibility Law. We agree with the trial court in its refusal to grant the Financial Indemnity's motion for summary judgment, the granting of which would have had the effect of completely exonerating Financial Indemnity. That portion of the order which was entered in relation to the Financial Indemnity's motion for summary judgment which reaffirms the earlier $5,000 summary judgment in favor of the plaintiff, cannot stand. The plaintiff did not move for sum-

mary judgment against Financial Indemnity thereby seeking to establish a Financial Indemnity liability independent of the Financial Responsibility Law. This being true, there is no basis upon which we can undertake an analysis of the record to determine whether or not as a matter of law, the facts presented are sufficient to estop Financial Indemnity from asserting an after accident policy defense of lack of cooperation on the part of the insured and we refrain from expressing an opinion in this regard. All elements of the presence or absence of estoppel are reserved for determination by the trial court in the light of matters which may hereafter be presented to that court.

This cause is reversed and remanded for proceedings consistent with this opinion.

STEVENS, C. J., and CAMERON, J., concur.