John Barr, for the Use of Edmund Senft, Plaintiff-Appellee, John Barr, Intervenor-Appellee, v. Country Mutual Casualty Company, Defendant-Appellant.

**Gen. No. 10,549.**

Opinion filed December 5, 1951. Rehearing denied January 8, 1952. Released for publication January 8, 1952.

CHARLES G. SEIDEL, and ERNEST W. AKEMANN, both of Elgin, for appellant.

REID & OCHSENSCHLAGER, of Aurora, for appellee; LAMBERT M. OCHSENSCHLAGER, and WILLIAM C. MURPHY, both of Aurora, of counsel.

MR. JUSTICE ANDERSON delivered the opinion of the court.

On August 3, 1949, John Barr, at times hereinafter referred to as the assured, while driving his Chevrolet coupe, had an automobile collision with the automobile of plaintiff-appellee, Edmund Senft. Senft, having received serious personal injuries, thereafter filed suit in the city court of Aurora, Illinois, for damages sustained by him arising out of the collision. A jury trial was had and Senft was awarded damages in the sum of $10,000 by the verdict of the jury, upon which a judgment was entered for this sum by the court. The Country Mutual Casualty Company, defendant-appellant herein, took no part in this trial, refused to defend the suit on behalf of Barr, and at all times contended that the policy hereinafter mentioned had been cancelled prior to the date of the collision. An execution was issued on the judgment against John Barr and was returned by the sheriff nulla bona. Subsequent to the entry of the judgment and return of the execution, Senft, in the name of John Barr and for the use of himself, brought a garnishment proceedings in the same court to collect the above judgment from the Country Mutual Casualty Company, defendant-appellant herein, and at times referred to in this opinion as

200

the Company. The Company filed in the court its answers to certain interrogatories propounded to the Company, denied that it was indebted in any sum whatsoever to John Barr, and alleged that a certain policy of automobile indemnity insurance, heretofore issued to John Barr by the Company prior to the date of the collision in question, had been cancelled pursuant to the terms of the policy; that due to the fact that the policy had been cancelled prior to the date of the assured's collision with Senft, the Company was not liable to Barr or Senft for any sums of money whatsoever under the terms of the policy. The trial court, after trial without a jury, entered a judgment in garnishment in favor of John Barr for the use of Edmund Senft and against the Country Mutual Casualty Company, for the sum of $10,619.92, being the amount of the judgment prior to that time entered against Barr in favor of Senft, with interest and costs thereon. The Country Mutual Casualty Company has appealed from this judgment order in the garnishment suit.

The undisputed facts, as disclosed by the record, show that the Country Mutual Casualty Company, on April 27, 1948, issued and delivered to John Barr, whose address as stated in the policy was then Hinckley, Illinois, its certain automobile indemnity policy, the Company agreeing to indemnify and pay any loss or damage sustained within the limitations of the policy by the assured arising out of the operation of his automobile. There is no dispute but that the premium on the policy had been fully paid in advance until October 6, 1949. At the time the policy was issued, Barr was living with his parents on a farm near Hinckley, Illinois. His address as stated in the first page of the policy was Hinckley, Illinois.

The Company contended in the trial court, and contends here, that the policy had been effectively cancelled prior to August 3, 1949. If the policy had been

effectively cancelled, it is admitted there is no liability on the Company. The policy of insurance contained a cancellation clause of which the material parts are as follows: "CANCELLATION: This policy may be cancelled at any time by the Insured by written notice to the Company at its Home Office at Chicago, Illinois, or may be cancelled by the Company by giving at least five days' notice in writing of such cancellation mailed to the insured at the address stated in the policy, which shall be sufficient notice. . . . If this policy shall be cancelled, as herein provided, or become void, or cease, the cash premium having been paid, the unearned portion of such cash premium shall be returned on surrender of the policy, the Company retaining the customary short rate, except that when this policy is cancelled by the Company giving notice, it shall retain only the pro-rata cash premium. The check of the Company mailed to the Insured at his last post office address as shown by the records of the Company, or mailed to the County Farm Bureau in Illinois through which insured was last qualified for membership in the Company, as his agent, for delivery to him, shall be sufficient tender of unearned cash premium."

John Barr testified at the garnishment suit trial that about December 1, 1948, he left his father's farm at Hinckley, Illinois, and was employed in Aurora, where he first resided at 1032 Galena Boulevard; that he lived there until about March 15, 1949, when he moved to 402 Spruce Street, Aurora, Illinois, where he still resides with his wife.

The record conclusively shows that after Barr moved to Aurora, which is a few miles from Hinckley, and while the automobile policy was admittedly in force, Barr had two small losses under his policy and the same were adjusted by the Company's representatives; that the proofs of loss gave Barr's street address in

Aurora, Illinois; that the last loss occurred on May 28, 1949; that the Company received at its Chicago office an accident report from John Barr, dated May 31, 1949, signed by him and giving his address as 402 Spruce Street, Aurora, Illinois; that the Company in pursuance of this notice and in conformity with Ill. Rev. Stat. 1951, ch. 95½, par. 58 l of the Motor Vehicle Law [Jones Ill. Stats. Ann. 85.064 (12)] sent a copy of this notice to the Secretary of State on June 6, 1949. The record further discloses that all notices for premiums and receipts of premiums had been mailed to Hinckley, Illinois and had been received after some delay by the assured. His father still lived on the farm at Hinckley, Illinois. Barr further testified that he never received notice of cancellation, hereinafter mentioned dated July 1, 1949, and described as Exhibit B, until the day after the accident with Senft; that the letter was at his parent's home at Hinckley; that it was unopened and he opened it on August 4, 1949, the day after the accident with Senft.

The record discloses that on July 1, 1949, the Company apparently desiring to cancel the policy, mailed from their office in Chicago the following letter described as Exhibit B, which is in words and figures as follows: "Country Mutual Casualty Company, 43 East Ohio Street, Chicago 11, Illinois, July 1, 1949." (To) "Mr. John Barr, Hinckley, Illinois.

"Our records indicate that you are no longer eligible for insurance as a dependent under the Farm Bureau membership which has qualified you in the past.

"We hereby give you notice of the cancellation of your automobile insurance policy No. 279155 issued to you by this Company, and this Company will not be liable for any loss under said policy occurring after 12:01 Central Standard Time on August 1, 1949. This cancellation is in accordance with the provisions of

said policy giving the Company the right to cancel at any time upon giving you at least Five Day Notice in writing.

"To continue your insurance with this Company it is necessary that you acquire a Farm Bureau membership in your own name. If this is done, and we are so advised before the date set forth above, this notice may be regarded as void, otherwise it will be in full force and effect. Any unearned premium due you as result of the cancellation of your policy will be paid to you as soon after the date of cancellation as possible.

"We regret the necessity of this action, and trust you will call at your Farm Bureau office and avail yourself of the opportunity to become a Farm Bureau member in your own name on or before the effective date of the impending cancellation previously specified.

"Very truly yours, Country Mutual Casualty Company, By P. J. Keller."

The record further shows that following Barr's accident on August 3, he did not report the collision to the Company. On August 8, 1949, defendant Company mailed to John P. Barr, Hinckley, Illinois, their check for the sum of $9.13, the check reciting in part: "In Payment Of Return of Unearned Prem. of $9.13 on Acct. of Canc. of Pol. No. 279155, as of 8-1-49." In the form letter sent with the check the Company assigned as a reason for cancellation delinquent Farm Bureau membership, and further stated that the policy might be reinstated if the Farm Bureau membership were reinstated. In October, 1949, Barr cashed the check for the returned premium.

Appellee contends that the judgment of the trial court should be sustained for the reason that the repayment of the unearned premium due under the policy to the assured is a condition precedent to effective cancellation of the policy, and cites authority hereinafter mentioned.

The case of *Hartford Fire Insurance Co. v. Mc-Kenzie,* 70 Ill. App. 615 was decided by this court. In that case the question involved was whether a fire insurance policy had been legally and effectively cancelled where no tender had been made by the Company to the insured of the premium due the insured at the time of the attempted cancellation. The cancellation clause in this policy provided that the policy could be cancelled by giving a five day notice of cancellation, that if the premium had been actually paid, the unearned premium should be returned on surrender of the policy. The language of the cancellation clause of this policy is quite similar to that of the one to be construed here. The Appellate Court held that the return of the premium was a condition precedent to the cancellation, and where a loss had been sustained by the insured subsequent to the purported cancellation, without tender of the unearned premium, the Company was liable therefor. The court states on page 619 the reasons for its opinion:

"Where there is in an insurance policy such provision for the cancellation of the policy by the company upon a fixed number of days' notice to the insured, the policy remains in force till the company gives the required notice, unless such notice is waived. If refunding the premium, or a portion of it, be one of the terms upon which the company can cancel the policy, there must be such payment, or a tender thereof, to the assured or his duly authorized agent before cancellation is accomplished. 2 Beach on Insurance, Sec. 628; May on Insurance, Secs. 67, 69, 574; 1 Wood on Insurance, Sec. 113; *Mallory v. Ohio Farmers Ins. Co.,* 90 Mich. 112. Where the company seeks to cancel the contract under such stipulation as is above set out, the insured does not have to tender his policy in order to entitle him to receive back the unearned premium, but it is for the company desiring cancellation to seek the

205

assured and tender the money to him, and till it does so the cancellation has not been effected. *Peoria M. & F. Ins. v. Botto,* 47 Ill. 516; *Aetna Ins. Co. v. Maguire,* 51 Ill. 342; 1 Wood on Insurance, Sec. 113; 2 Beach on Insurance, Sec. 827.''

Later in *Hartford Fire Ins. Co. v. Tewes,* 132 Ill. App. 321, this court again held that the return of the unearned premium is a condition precedent to the cancellation, and said on pages 327–8 of the opinion:

''Appellant claims that under the language above quoted from the policy a return of the unearned premium was not necessary to effect a cancellation, and that it was not liable to pay that unearned premium when it cancelled the policy or at any later time till appellee should surrender the policy. It claims that it had a right to cancel the policy and retain the money appellee had paid for protection from fire for the whole year. The policy is prepared by the company, and its language is to be construed against the company and so as to give the protection which was the object of the contract. If a clause in the policy is susceptible to two interpretations, that one will be adopted which is most favorable to the assured. *Terwilliger v. Masonic Accident Assn.,* 197 Ill. 9. The latter part of the Clause above quoted from the policy relating to the return of the premium is that 'When this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium.' It is a fair interpretation of this language to hold that it implies and means that when the policy is cancelled by the action of the company it shall return all the premium paid except the pro rata part for the period for which the insurance has been in force. Hence, the return of the unearned premium is essential to cancellation, for it would be contrary to well-settled legal principles that appellant should be permitted to escape future liability by merely saying it has elected to be bound no longer, while retaining

the money it received and for which it agreed to be liable for a longer period.''

While the language of the cancellation clause in these cases is somewhat different from the instant case, it appears that this court is committed to the rule that a return of the unearned premium is a condition precedent to the cancellation of the policy. The cancellation clause in the instant case provides five days' notice in writing, and that the unearned portion of the cash premium shall be returned on surrender of the policy.

In *Annes v. Carolan, Graham, Hoffman, Inc.*, 336 Ill. 542, the Supreme Court had occasion to pass upon this same question, the question being whether the policy had been effectively cancelled prior to the loss. The Supreme Court held that the trial court was correct in entering judgment in favor of the assured against the company where the unearned premium had not been tendered the assured at the time of the attempted cancellation of the policy. The policy in this case had no provision for return of the premium. The court says, in discussing this subject, on page 549 of the opinion:

''In *Aetna Ins. Co. v. Maguire*, 51 Ill. 342, and *Peoria Marine and Fire Ins. Co. vs. Botto*, 47 id. 516, the policies provided for a cancellation under certain conditions and for a refund of the premium for the unexpired term, and it was held that a return of the premium was a condition precedent to the cancellation of the policies. To the same effect is *Dickerson v. Northwestern Mutual Life Ins. Co.*, 200 Ill. 270. In 32 Corpus Juris, 1252, it is said: 'Ordinarily, apart from any provision to that effect, the return or tender to the insured of the unearned premium is a condition precedent to the cancellation of the policy by the company unless the policy provided otherwise or unless such return or tender is waived.' Our attention has not

been called to any case where this court has held that a return of the unearned premium is a condition precedent to a cancellation of the policy where there is no provision in the policy for such return, but this has been the holding of the Appellate Court in several cases. Where a policy is cancelled by an insurance company we see no good reason why the company should not' be required to pay to the insured the unearned premium as a condition precedent to the cancellation. The cancellation is for the benefit of the company. By the cancellation the company voids its contract. When it has received the premium for the full period and desires to cancel the policy it should be required to pay the part of the premium which is unearned prior to such cancellation. An offer was made to re-pay after the loss in this case, but this was too late to avoid liability on the ground of cancellation.''

Appellants urge that the late case of *Roon v. Van Schouwen,* 406 Ill. 617, is in point on this question. This case involved a garnishment action against the Country Mutual Casualty Co. on a policy issued by its predecessor, Illinois Agricultural Mutual Ins. Co. The Supreme Court in that case decided that the notice of cancellation sent to assured was sufficient to cancel the policy where sent under the terms of the cancellation provision in the policy to the insured at the address stated in the policy. Proof of compliance with this was held good and did terminate the policy. The case does not pass upon the question of the necessity of returning the unearned premium prior to the cancellation. The cancellation clause in the *Roon* case, *supra,* provides that the payment or tender of unearned premium upon cancellation *is not a condition precedent to cancellation.* This was a matter of contract and is entirely different from the situation in this policy that provides for five days' notice of cancellation and that

the Company shall pay the unearned portion of the premium to the assured.

The Appellate Court for the First District has followed the rule that return of unearned premium is a condition precedent to a cancellation of an insurance policy. (*Peterson v. Hartford Fire Ins. Co.*, 87 Ill. App. 567; *Kinney v. Rochester German Ins. Co.*, 141 Ill. App. 543.)

The case of *Boyle v. Inter Insurance Exchange of The Chicago Motor Club*, 335 Ill. App. 386 (3d Dist.), cited by the appellant, involves a cancellation feature of an insurance policy. The policy there was quite different from the one here in that the cancellation clause provided that on giving a five-day notice at the address of the insured as shown in the policy, the policy would be cancelled and the unearned premium due assured would be paid to him *upon demand*. The court held that under this provision of this policy, failure to tender the unearned premium did not prevent cancellation of the policy where the proper five-day notice had been given the insured but no demand had been made by assured for return of the unearned premium. Appellant has cited several cases from other jurisdictions and federal cases holding that the return of the unearned premium is not a condition precedent to cancellation of the policy. Some of them are *Schwarzchild & Sulsberger Co. v. Phoenix Insurance Co.*, 124 Fed. 52; *El Paso Reduction Co. v. Hartford F. Ins. Co.*, 121 Fed. 937; *Webb v. Granite State F. Ins. Co.*, 164 Mich. 139, 129 N. W. 19; and *Damen v. Jarvis Bldg. Corp. v. Mechanics Ins. Co.*, 83 Fed. (2d) 793. While the language and the opinions in these cases might be persuasive, if the law on the subject were not determined in this State, we can see no reason to overrule the Illinois cases above mentioned. From an examination of the Illinois cases both in Supreme and

209

Appellate Courts, we believe the rule of law in this State is that if the insurance policy provides for a cancellation by the insurance company upon giving certain stated notices and provides that where premium has been paid in advance by the assured, the company shall pay such unearned premium upon surrender of the policy, then the insurance company, to effectively cancel the policy, must tender to the assured the unearned premium as a condition precedent at the time of giving the notice. The case of *Annes v. Carolan* et al., *supra,* being an opinion of the Supreme Court is stare decisis and is binding on this court. (*Pfeffer v. Farmers State Bank of Schaumburg,* 263 Ill. App. 360.) The rule is not harsh or unreasonable. Cancelling an insurance policy is a serious matter when done by the company against the insured. This is especially true of automobile insurance policies, where if the driver of a motor vehicle does not have insurance when involved in an accident, his driver's license is revoked if he is unable to pay a judgment sustained against him. The hardship where the assured's policy is cancelled without the company complying with the provisions of the same is illustrated quite vividly in the case at bar. The Company cancels the policy and makes no offer to return the unearned premium until after the loss in question. It is undisputed facts in this case that certain cash premiums were due the assured at the time of the alleged cancellation. Under the law as above stated, it was the duty of the Company to tender the assured this sum before they could legally cancel the policy. The insured has a right to have this money paid to him. He might need it to purchase other insurance, and the Company's failure to pay it might prevent him from obtaining other insurance and he might suffer severe loss. The Company did not mail the unearned premium until several days after the date of the accident in question. The tender of the unearned premium was

210

a condition precedent to a legal determination or cancellation of the policy. The policy was in full force and effect on August 3, 1949, and the Company was liable to indemnify Barr for the amount of the judgment obtained by Senft, according to the terms of the policy. If the cancellation was ineffective, the Country Mutual Casualty Company admits that it is liable for the full amount of the judgment in garnishment. Insurance policies, being prepared by the company issuing the same, it is well-established rule of law that the provisions of the policy are to be construed most strongly against the company and in favor of the assured. (*Freeport Motor Cas. Co. v. Tharp,* 338 Ill. App. 593; *Simon v. Standard Acc. Ins. Co.,* 336 Ill. App. 153; and *McDaniel v. Glen Falls Ind. Co.,* 333 Ill. App. 596.)

It is our considered opinion that the trial court was correct in entering judgment against the company garnishee. In view of this opinion it is unnecessary for us to decide the other interesting questions presented by this record. We see no reason to decide them or discuss them further in this opinion. The judgment of the trial court was correct and should be and is affirmed.

*Judgment affirmed.*