Willie Brack for the Use of Fred Baumgarte, Administrator of Estate of Archie R. Baumgarte, Deceased, Plaintiff-Appellant, v. Robert L. Logan, Defendant-Appellee.

Gen. No. 9,857.

■■■■■■■ ■■■■■ Opinion filed June 16, 1953. Released for publication July 2, 1953.

KENNETH KINSER, of Decatur, and J. MAX MITCHELL & W. TROY BARRETT, of West Frankfort, for appellant.

GUS T. GREANIAS, and BASIL G. GREANIAS, both of Decatur, for appellee.

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

The beneficial plaintiff in garnishment, Fred Baumgarte, as administrator of the estate of Archie R. Baumgarte, deceased, appeals from a judgment of the circuit court of Macon county, Illinois, allowing the motion of defendant-garnishee, Robert L. Logan, to strike plaintiff's amended interrogatories and allegations and dismissing his garnishment proceeding.

Plaintiff's affidavit for garnishment process alleged, in due statutory form, that on August 13, 1951, a judgment in the amount of $10,000 was rendered in his favor in the circuit court of Macon county, Illinois, against one Willie Brack; that execution was duly issued thereon and returned "no property found"; and that plaintiff has just reason to believe that the garnishee is indebted to or has in his hands effects or estate of the judgment debtor.

Plaintiff's interrogatories to garnishee were thereafter stricken on defendant's motion and leave was granted to file amended interrogatories.

In both the transcript of record and abstract there appears, immediately following the order allowing the motion to strike these interrogatories, plaintiff's first amended interrogatories to garnishee and, with specific reference thereto, certain allegations with exhibits attached.

427

Before filing his brief on appeal, defendant filed a motion before this court representing that these allegations and exhibits were not before, and were not considered by, the trial court, that the garnishment statute makes no provision for the filing thereof; that the transcript of record does not show that they were, in fact, filed; and that they were never introduced into evidence. He accordingly moved this court to strike that portion of the transcript of record and abstract setting forth these allegations and exhibits. In addition, his motion prayed that this court strike plaintiff's statement, brief and argument on appeal for failure to sufficiently show the nature of the pleadings, for failure to contain a statement of errors relied upon for reversal, and because the statements of fact contained in the above mentioned allegations are not properly before this court or substantiated by the transcript of record and defendant has had no opportunity to offer evidence in rebuttal thereto.

██ ██ By order of this court entered October 7, 1952, that portion of this motion relating to these matters was taken with the case and will now be considered. Defendant's contentions relating to alleged deficiencies in plaintiff's brief are without substantial merit. While the brief does not contain a formal listing of points relied upon for reversal, it sufficiently appears that it is his contention that the trial court erred in allowing the motion to strike the amended interrogatories and allegations and in entering judgment dismissing the garnishment proceeding. It appears, moreover, that defendant's motion before this court is made in disregard of the elementary rule that a motion to strike assumes the truth of facts properly alleged in the pleading attacked by the motion. As defendant never answered in the trial court, he perforce had no opportunity to introduce any evidence.

 As to the allegations and exhibits challenged by defendant as not a proper part of the record for the reasons indicated above, it seems reasonably clear that the filing date shown on page 57 of the transcript of record and on page 8 of the abstract refers to both the amended interrogatories and the allegations and exhibits, and that they were all, in fact, filed with the clerk of the trial court at the same time. The contention that the garnishment statute makes no provision for the filing of allegations is erroneous as the statute specifically provides that "the plaintiff shall . . . file . . . such allegations and interrogatories . . . upon which he shall be desirous to obtain and compel the answer of any . . . garnishee." (Ill. Rev. Stats. 1951, chap. 62, sec. 5 [Jones Ill. Stats. Ann. 109.288].) As the allegations and interrogatories are associated in this manner in the language of the statute it seems clear that the granting of leave to plaintiff to file amended interrogatories necessarily implied leave to file allegations related thereto. Moreover, defendant's own motion in the trial court to strike the amended interrogatories represents that "the amended interrogatories *and allegations* set forth no new matter" (emphasis added), tending to suggest that his assertion before this court that the allegations were never filed or brought to the trial court's attention is frivolous. For the reasons indicated, the remainder of the motion filed in this court September 22, 1952, as to which ruling was reserved and taken with the case by order of this court dated October 7, 1952, is denied.

It appears from plaintiff's above mentioned allegations that defendant, while engaged in the used car business, sold and delivered to plaintiff's judgment debtor a used truck; that as a part of the transaction defendant was to obtain for the judgment debtor public liability and property damage insurance on the truck

which he failed to do; and that thereafter an automobile accident occurred between the judgment debtor and plaintiff's intestate resulting in the judgment which plaintiff seeks to collect from defendant.

The theory of plaintiff's case is: (1) That defendant's undertaking to obtain insurance for the purchaser of the truck was a part of the sales agreement; (2) That having failed to obtain such insurance, he is liable to the same extent that an insurer would have been had an insurance policy been obtained as agreed upon; (*Schmidt v. Sinclair*, 342 Ill. App. 484; *Evan L. Reed Mfg. Co. v. Wurts*, 187 Ill. App. 378; *Johnston v. Otta*, 340 Ill. App. 270, and 18 A. L. R. 1204); and (3) That as a judgment against an insured may be enforced against the insurer by garnishment even though liability is denied (*Zimek v. Illinois Nat'l Casualty Co.*, 370 Ill. 572, and *Barr for Use of Senft v. Country Mutual Casualty Co.*, 345 Ill. App. 199), the same remedy is appropriate here. The only material issue made by defendant in response is that his alleged liability to the judgment debtor is contingent and unliquidated and therefore not subject to garnishment.

The garnishment statute authorizes issuance of garnishment process against any person "indebted to . . . or having effects or estate" of the judgment debtor in his possession but as defendant points out, it is well settled by judicial construction that debts which are either "contingent" or "unliquidated" are not within the purview of the statute.

In *Zimek v. Illinois Nat'l Casualty Co.* (*supra*), relied upon by both parties, it was held that an indebtedness is due without contingency if all events necessary to fix the garnishee with liability have taken place and it remains only to be determined whether those events make the garnishee liable. In the instant case all events and transactions determin-

430

ative of defendant's liability have long since occurred and therefore his contention that garnishment is inappropriate because the indebtedness in question is "contingent" is clearly without merit. It is equally well established by judicial construction that an "unliquidated" claim is not a debt within the meaning of the garnishment statute and therefore not recoverable by garnishment.

Plaintiff relies upon the decision of the Supreme Court in the *Zimek* case (*supra*) as authority for his contention that the claim here in question is liquidated. In that case the judgment creditor, after judgment and return of execution unsatisfied, instituted a garnishment proceeding against a casualty company which had issued a liability policy on an automobile owned by the wife of the judgment debtor, the protection of the policy extending to persons operating the automobile with the permission of the owner. The casualty company denied liability as garnishee on the ground that the judgment debtor was operating the automobile without such permission and that the claim in question was consequently contingent and unliquidated.

The Supreme Court, after holding, as noted above, that the claim was not contingent, remarked as follows:

"Neither is the claim against the garnishee unliquidated. If any amount is due from the casualty company under the policy of insurance, it has been rendered certain by the final judgment in the damage suit brought by (the judgment creditor against the judgment debtor). Where the amount due may be ascertained by computation or reference to the contract out of which the claim arises it is a liquidated claim for purposes of garnishment. 28 Corp. Jur., p. 136, *Capes v. Burgess*, 135 Ill. 61.

"It is also clear that the claim is an indebtedness subject to garnishment because (the judgment debtor),

himself, might have sued the casualty company for the amount of his liability to (the judgment creditor). The issue before the Court in such case would be whether he was operating the automobile with the permission of his wife when the accident occurred. We can see no reason for refusing to allow the judgment creditor to be substituted as plaintiff and to have that issue determined in a garnishment suit . . . The form of action in which the judgment debtor could have recovered from the garnishee can make no difference here, so long as the indebtedness of the garnishee is liquidated and not contingent upon a future event."

As to what part of the foregoing decision plaintiff relies upon is not entirely clear. However, the court's conclusion that the claim there in question was liquidated because if any amount was due from the garnishee it was rendered certain by final judgment in the damage suit brought by the judgment creditor against the judgment debtor is not, as plaintiff apparently contends, authority for the proposition that entry of his judgment against the judgment debtor liquidated the claim in dispute here. It is clear from the quoted context of the decision that entry of judgment does not, of itself, liquidate the claim against the garnishee. The judgment fixes or liquidates the amount of the liability of the judgment debtor to his judgment creditor but it only limits without fixing the amount of the garnishee insurer's liability to the debtor which, in turn, may or may not be fixed or liquidated by "reference to the contract out of which the claim arises," depending upon the provisions thereof. If, as in the usual liability insurance contract, the insurer undertakes to indemnify the insured up to certain stated limits, the insurer's liability upon entry of judgment against the judgment debtor-insured becomes liquidated ordinarily in an amount equal to the amount of the judgment or the stated limit of the insurer's liability, whichever is less.

In the *Zimek* case the limit of the garnishee's liability was apparently fixed by the terms of the insurance policy in the amount of $5,000 so that upon entry of judgment in that amount against the insured, the insurer's liability became liquidated in the amount of the judgment. In the instant case, however, there is no allegation of the existence of any contract to which reference may be had to fix the amount of the defendant's liability to plaintiff's judgment debtors.

█ Nor is plaintiff's contention sustained by the above quoted observation of the Supreme Court that the claim there in question was subject to garnishment because the judgment debtor himself might have sued the casualty company garnishee for the amount of his liability to the judgment debtor. It is well established as a basic proposition of garnishment law, that except in special circumstances, garnishment will not lie unless the judgment debtor could have sued the garnishee for the amount of his liability to the judgment creditor. It by no means follows, however, that the judgment creditor may recover by garnishment all claims which the judgment debtor might recover from the garnishee. Rather the amenability of the garnishee to suit by the judgment debtor appears to have been regarded by the court in the *Zimek* case as only one of the conditions to be met in determining whether garnishment is appropriate, because the court observes that the form of action in which the judgment debtor could have recovered from the garnishee can make no difference *so long as the indebtedness of the garnishee is liquidated and not contingent upon a future event,* and notes that the issue in a suit by the judgment debtor against the garnishee would have been the disputed liability of the insurer. In the context this statement seems clearly to imply that garnishment would not have been proper if the claim had been unliqui-

433

dated so that the *amount* of the insurer's liability would also have been an issue to be determined in the garnishment proceeding.

That the *Zimek* decision cannot be interpreted otherwise seems confirmed by the court's repeated reference to its earlier decision in *Capes v. Burgess* (*supra*). In that case the garnishee had sold to the judgment debtor an imported stallion and delivered a bill of sale containing an express warranty as to the stallion's qualities. After judgment and return of execution unsatisfied the judgment creditor sought to collect the amount of the judgment by garnishment proceeding against the seller of the stallion. A jury found a breach of warranty and judgment was entered for the benefit of the garnishor in the amount of the damages assessed by the jury. It is to be noted that the amount of the garnishee's liability to the judgment debtor was not fixed or limited in any way in the bill of sale upon which the claim was based but was an issue for the jury. Moreover, it is too clear for argument that the judgment debtor might have sued the garnishee for damages arising from breach of the warranty contained in the bill of sale. In these circumstances the Supreme Court pointed out that the damages for breach of warranty "were in their nature uncertain in amount and incapable of being liquidated except by the judgment of a court." The court specifically noted that it was "aware of no inherent obstacle in the way of such legislation as would place in the reach of (garnishment) process claims for unliquidated damages arising either out of breaches of contract or of torts" but concluded after extended analysis of the garnishment statute that a claim for unliquidated damages does not constitute a debt within the meaning of the statute and is "therefore not within the reach of process of garnishment." Accord-

434

ingly, the Supreme Court affirmed the Appellate Court's reversal of the trial court's judgment allowing recovery against the garnishee. These observations and the conclusions reached by the court are equally applicable here.

 ██ Plaintiff apparently seeks to avoid the consequences of the decision in *Capes v. Burgess* by urging in his reply brief that "the amount of coverage in motor vehicle insurance policies is so uniform and standardized, that the coverage would have been equal to the minimum standard amount and that if defendant was supposed to obtain larger coverage the proof would have shown the amount thereof." Whatever the merits of this contention may be, it comes too late for consideration on this appeal. The record fails to show that plaintiff made any attempt whatever before the trial court to allege the existence of an agreement between his judgment debtor and defendant which fixed the amount of the latter's liability. Accordingly upon the authority of the foregoing cases the claim here in question is unliquidated and is therefore not a debt within the meaning of the garnishment statute. For that reason the garnishment proceeding was properly stricken. This court has no occasion to express any opinion on the question whether a motion to strike should have been allowed had plaintiff alleged an agreement between his judgment debtor and defendant to obtain a definite amount of liability coverage nor is any opinion expressed as to any possible liability of defendant in a direct suit against him by plaintiff.

For the reasons stated the judgment of the circuit court is affirmed.

*Affirmed.*