**Robert Powell, for the Use of Willard Anderson, Plaintiff-Appellant, v. Prudence Mutual Casualty Co., Garnishee-Appellee.**

**Gen. No. 51,281.**

First District, Second Division.

September 29, 1967.

Leon C. Wexler and Horwitz, Anest & Ozmon, of Chicago (Leon C. Wexler, of counsel), for appellant.

George F. Barrett, of Chicago (S. W. Narusis, of counsel), for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal by the plaintiff, Willard Anderson, as the unsatisfied judgment creditor of one Robert Powell, from the entry of a final order by the Circuit Court of Cook County, which order dismissed plaintiff's garnishment action, after hearing, upon the motion and in favor of the defendant-garnishee, Prudence Mutual Casualty Company (hereinafter referred to as Prudence), the vehicular public liability insurance carrier of the aforesaid judgment debtor, Powell. The order was entered and the cause dismissed without prejudice on February 4, 1966.

The facts are that the plaintiff, Willard Anderson, on November 26, 1957, had sustained personal injuries as a result of an automobile collision involving two vehicles,

one being operated by Robert Powell and the other by Thomas Lewis. Plaintiff, who was a pedestrian at the scene of the collision, was struck by the automobile of Thomas Lewis, which was involved in a collision with the automobile driven by Robert Powell, at or near the intersection of LaSalle Street and Adams Street in the City of Chicago. Civil proceedings for damages were brought by the plaintiff, Willard Anderson, against Powell and Lewis, as co-defendants. This case was submitted to the jury on the issues of plaintiff's due care, the defendants' (Powell and Lewis) joint or several negligence and the measure of damages, if any. There was a finding for the plaintiff against defendant-Powell only, with damages being assessed in the sum of $65,000. Plaintiff had been represented in this former action by an attorney from Prudence.

Powell, the resulting judgment debtor, concurrent with these aforementioned events, was insured by Prudence for personal automobile liability with maximum policy limits of $10,000 (together with interest and costs) for injuries to any one person.

Lewis held, at the same time, a similar liability policy with State Farm Mutual Automobile Insurance Company, with an individual limit of $25,000. After return of the verdict in the personal injury case, Prudence, in accordance with the terms of its insuring agreement with Powell and by leave of court, deposited with the Clerk of the Circuit Court $10,262.30, for the benefit of the plaintiff and in full satisfaction of its obligation under the terms and limits of the aforesaid policy.

Thereafter in February of 1965, the judgment in the original action having remained unsatisfied, plaintiff, as judgment creditor of Robert Powell, filed an affidavit for garnishment, together with attached interrogatories, against the garnishee-insurer Prudence, requesting garnishment of $69,137.80, this sum representing the $65,000 judgment together with interest and costs. Such gar-

345

nishment proceedings were predicated upon the alleged bad faith, fraud, and/or negligence of Prudence in failing to settle its insured's liability within the limits of his policy, when such an out of court settlement allegedly could have and should have been effectuated. The averment has been persistently denied by Prudence throughout the proceedings which followed.

In response to the affidavit for garnishment and attached interrogatories, Prudence filed a motion to dismiss the garnishment action and to strike interrogatories five (5) through seventeen (17) as being irrelevant and outside the scope of garnishment proceedings. Interrogatories five (5) through seventeen (17) were stricken by the court, Prudence being ordered to answer to those which remained, within 20 days. Thereafter upon a full and extensive hearing, the court below sustained Prudence's motion to dismiss the action as being outside the scope of the garnishment statute. An order was entered accordingly from which plaintiff appeals.

It is the plaintiff's theory of the case that garnishment was and is the proper remedy for a judgment creditor, against the insurance carrier of his judgment debtor, for the recovery of a judgment rendered in excess of policy limits occurring as a consequence of the bad faith, fraud, and/or negligence of that insurance carrier.

It is the defendant's theory of the case that garnishment is a strict statutory proceeding to test the limited issues of being indebted to, or being in the possession, custody and control of property belonging to a judgment debtor. Accordingly, the instant action, while available to an insured against his insurer in a direct proceeding, does not involve a claim in the nature of those contemplated by and within the realm of the garnishment statute.

The instant case involves an attempted implementation of the provisions of the Garnishment Act (Ill Rev Stats (1965) c 62, par 33, et seq.) to a factual situation which

346

has heretofore eluded precise judicial construction. Essentially, there is but a single issue presented; to wit, whether the provisions of the Garnishment Act were intended by our General Assembly to afford a remedy to an unsatisfied judgment creditor, against the insurance carrier of the judgment debtor, for recovery of a judgment rendered in excess of policy limits. The averred misconduct of said insurance carrier notwithstanding, this court cannot envision such far-reaching application and must resolve the question in the negative.

██ Not every specie of liability owing by a garnishee to his judgment debtor is within the reach of an affidavit for garnishment. Rather, the garnishment statute itself clearly manifests an intention to confine the garnishing process to but two classes of assets; namely, (1) a debt, for the collection of which, the garnishee might have properly maintained the traditional actions of debt or assumpsit, or (2) property belonging to the judgment debtor in the possession, custody, or control of the garnishee. Capes v. Burgess, 135 Ill 61, 25 NE 1000 (1890). Garnishment is a purely statutory proceeding unknown to the common law and accordingly must be strictly construed so as to not be extended to cases beyond its intended realm of application. Freeport Motor Cas. Co. v. Madden, 354 Ill 486, 188 NE 415 (1933). An analysis of the nature of the purported asset made the subject of the garnishment writ necessarily follows.

██ It is well established that an insurer has no duty to initiate negotiations for the settlement of an action accruing against its assured. To impose such a duty would be to place the insurer at a negotiating disadvantage with adverse litigants unencumbered by an equal burden. Oda v. Highway Ins. Co., 44 Ill App2d 235, 194 NE2d 489 (1963). It has been similarly established that an insurer's refusal to settle a case within maximum policy limits, resulting in a judgment against its assured in excess of that limit, does not render the

insurer liable per se to its assured under the policy. Quite to the contrary, the insurer is simply held to a standard of reasonable conduct and avoidance of fraud, negligence, and/or bad faith (as questions of fact for a jury, and upon which issue the insured has the burden of proof) in refusing a proffered settlement within policy limits. Olympia Fields Club v. Bankers Indemnity Ins. Co., 325 Ill App 649, 60 NE2d 896 (1945); General Cas. Co. of Wisconsin v. Whipple, 328 F2d 353 (7th Cir, 1964).

Plaintiff, relying on the case of Comunale v. Traders & General Ins. Co., 50 Cal2d 654, 328 P2d 198 (1958), alludes to the theory that there exists in every contract of insurance an implied covenant of good faith and fair dealing for a breach of which a garnishor, as an assignee, subrogee, or third-party creditor beneficiary thereof, can properly maintain an action in garnishment. Prudence responds arguing that the asserted claim, if at all, is one in tort, as such is nonassignable in Illinois, and hence cannot be made the subject of a garnishment action, absent specific authorization in the Garnishment Act. Prudence cites Holowaty for Use of Cherka v. Prudential Ins. Co. of America, 282 Ill App 584 (1935) in support of its contention on the point.

The foregoing theories notwithstanding, plaintiff cannot prevail in garnishment even if this court were to accept his implied covenant theory as an accurate reflection of the applicable law. Plaintiff himself, citing Zimek v. Illinois Nat. Cas. Co., 370 Ill 572, 19 NE2d 620 (1939), candidly acknowledges that for a debt to fall within the legislative purview of the Garnishment Act, it must be both due without contingency and represent a liquidated or readily ascertainable sum. We cannot accept plaintiff's suggestion that these requisite conditions do, in fact, exist.

The claim which plaintiff endeavors to assert against Prudence is predicated upon an alleged breach of duty owed by Prudence to Powell, is at best contingent upon

348

proof of the requisite breach thereof (see Hodges v. Standard Acc. Ins. Co., 198 Cal App2d 564, 18 Cal Rptr 17 (1961)) and moreover cannot be said to fall within that category of choses in action made accessible in garnishment through the equitable powers of the court as defined in section 18 of the Act (Ill Rev Stats (1965) c 62, par 50). Construing a former and related provision of the Act, the court, in Burgess v. Capes, 32 Ill App 372 (1889), stated:

> ". . . the expression 'choses in action,' refers only to those in the possession, custody or charge of the garnishee belonging to the defendant (judgment debtor), and held against third parties." (Insert supplied.)

Succinctly then, plaintiff's theory of garnishment suffers from an inherent weakness under the case law on the subject, for it must necessarily assume as fact that which has yet to be proven and which is denied by the garnishee; i. e., that Prudence was guilty of a breach of some duty in allegedly refusing an offer of settlement within the limits of Powell's policy. In plaintiff's Comunale case no such contingency existed. Garnishment recovery there was allowed upon the theretofore established "wrongful denial of coverage." As stated in Capes for Use of Haynes, Gordon & Co. v. Burgess, 135 Ill 61, 25 NE 1000 (1890):

> "Where the liability consists of damages which are unliquidated and uncertain in amount, and can be rendered certain only by the judgment of a court, such liability can not be said to be due or to be capable of becoming due until judgment has been rendered. In such case the party liable is under no obligation to pay, nor can he discharge himself by payment, until his liability has been ascertained and fixed by judicial proceedings."

349

Cf. Smith v. Wallace, 82 Ill App 145 (1899) and National Homes, Inc. v. American Nat. Bank & Trust Co. of Chicago, 16 Ill App2d 111, 147 NE2d 412 (1958).

■ The entry of a judgment adverse to the assured does not, by itself, liquidate the amount of the claim against his garnishee-insurer. While the prior judgment liquidates the amount of the liability as between the judgment creditor and debtor, it does not necessarily follow that the amount of the judgment so affixed becomes liquidated as concerns the garnishee, who ordinarily has agreed to indemnify only to the extent of the stated limits of its policy. Brack for Use of Baumgarte v. Logan, 350 Ill App 425, 113 NE2d 197 (1953). Such is the very case before us. Condition No. 7 of the instant insuring agreement specifically recited:

> "Any person . . . who has secured such Judgment . . . shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. . . ."

Accordingly, Prudence's liability upon entry of the judgment against its assured is liquidated in the amount equal to the amount of the judgment rendered or the stated limits of its contract of insurance, whichever is less. Here, that amount is $10,000 together with interest and costs, a sum which has long been on deposit with the court below. An unliquidated claim is not a debt within the contemplation of the Garnishment Act and therefore not recoverable in an action brought under it. Brack for Use of Baumgarte v. Logan, 350 Ill App 425, 113 NE2d 197 (1953).

Plaintiff argues that garnishment not being a summary action, it is available as the proper facility to test the issue of Prudence's liability for alleged refusal to settle, relying on the case of Ray v. Johnson, 81 Ill App2d 456, 225 NE2d 158 (1967). In the Ray case judgment creditors were allowed recovery in a garnishment action

against the insurer of their judgment debtor. However, unlike the case at bar, and of particular significance as it relates to the questions of contingency and liquidation of the subject debt, in Ray the insurer denied any liability whatsoever under the policy based upon the alleged lack of cooperation of its assured. Moreover, the judgment rendered there was not in excess of the policy limits. Under such circumstances, the authority is devoid of a reasonable basis of comparison, for the onus there rested with the insurer-garnishee to establish its affirmative defense of lack of cooperation in avoidance of its otherwise unambiguous contractual obligation to pay within policy limits. See Paul v. Kirkendall, 6 Utah2d 256, 311 P2d 376 (1957).

■ Plaintiff has initiated garnishment proceedings predicated upon an alleged liability which has been shown to be neither liquidated nor free of contingency. We do not think garnishment was intended as the instrument to adjudicate these fatally absent states of facts, particularly where, as here, there exists a remedy in an action for damages by the insured against his insurer for the alleged wrongful conduct, the final order of dismissal here having been entered without prejudice and being unambiguous in this respect. Smith v. Wallace, 82 Ill App 145 (1899); Paul v. Kirkendall, 6 Utah2d 256, 311 P2d 376 (1957). To hold otherwise would require an obfuscation of the genuine issue presented and circumvent the manifest language of the Garnishment Act. The trial judge properly dismissed the garnishment action as not being the appropriate remedy.

For the above reasons, the final order dismissing the cause without prejudice is affirmed.

Affirmed.

BURKE and BRYANT, JJ., concur.