Jack Nianick, Plaintiff-Appellant, *v.* Edgewater Beach Hotel *et al.*, Defendants.—(Illinois Insurance Guaranty Fund, Garnishee-Appellee.)

(No. 60349;

First District (1st Division)—April 21, 1975.

Gordon, Brustin, & Schaefer, Ltd., of Chicago (Robert E. Gordon, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Robert A. Knuti, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Jack Nianick (plaintiff), a judgment creditor of Finkel & Broide Kosher Catering Service, Inc. (judgment debtor), brought garnishment proceedings against Illinois Insurance Guaranty Fund (Garnishee). The trial court allowed a motion for summary judgment filed by the Garnishee and accordingly discharged it. Plaintiff appeals.

Plaintiff originally brought suit charging the judgment debtor with breach of warranty in that plaintiff was injured by eating food provided

by it, which contained glass. Prior to the occurrence, the debtor had obtained a policy of insurance issued by La Salle National Insurance Co., which allegedly provided liability coverage concerning this type of accident. No appearance or pleading was filed in behalf of the judgment debtor. On December 20, 1971, effective *nunc pro tunc* as of September 15, 1971, a default judgment for $5000 was entered against the judgment debtor and in favor of plaintiff. In October 7, 1971, the Director of Insurance of the State of Illinois filed liquidation proceedings in the circuit court of Cook County against La Salle National Insurance Co. On December 28, 1971, an order of liquidation was entered finding the insurance company insolvent and ordering the Director to take possession of its assets and to liquidate them in accordance with the Illinois Insurance Code. Ill. Rev. Stat. 1973, ch. 73, pars. 799 and following.

On April 23, 1973, plaintiff filed garnishment proceedings against the Garnishee pursuant to an affidavit by plaintiff's attorney of record setting forth that the Garnishee was indebted to the judgment debtor or had in its possession, custody or control, property belonging to the debtor, or in which said debtor had an interest. Ill. Rev. Stat. 1973, ch. 62, par. 13.

On May 24, 1973, the Garnishee filed a motion for summary judgment in its favor supported by an affidavit of its manager. No counter-affidavits were filed by plaintiff. The motion and affidavit set forth the filing of the liquidation proceedings against the insurance company and the pending liquidation of its assets under court direction. These documents show that the Garnishee has in the past, and would make payment in accordance with the pertinent statute, to persons who have covered claims determined by the liquidator and allowed in the pending proceedings. (Ill. Rev. Stat. 1973, ch. 73, pars. 1065.82 and following.) The Garnishee set forth the fact that plaintiff had filed a claim in the liquidation proceedings but that this claim had not been determined by the liquidator or allowed in any amount by the court. No claim had been filed in the liquidation proceedings in behalf of the judgment debtor. The affidavit stated that the board of directors of the Garnishee had elected to proceed under subsection (a) of par. 1065.87—3 of Ch. 73 of the Illinois Revised Statutes.

In this court plaintiff contends that he had a right to maintain garnishment proceedings against the Garnishee; the Garnishee held assets which were subject to garnishment and it was the intent of the legislature that the Garnishee pay all judgments. The Garnishee responds that the summary judgment was proper because the Garnishee held no property belonging to the judgment debtor and was not indebted to the debtor; also that the Garnishee had no statutory obligation to satisfy all judgments entered against an insured of an insolvent insurance company.

■■ Generally stated, the question for determination is whether the record before us shows that there is no genuine issue as to any material fact so that the Garnishee, as moving party, is entitled to judgment in its favor as a matter of law. (Ill. Rev. Stat. 1973, ch. 110, par. 57.) Since the facts contained in the affidavit in support of Garnishee's motion for summary judgment are not contradicted by counter-affidavit, "such facts are admitted and must be taken as true." *Heidelberger v. Jewel Companies, Inc.*, 57 Ill.2d 87, 92-93, 312 N.E.2d 601.

■■ Discussion of the legal issues must commence with a clarification of the exact legal attributes of the Garnishee. The pertinent material appears in article XXXIV of the Illinois Insurance Code. (Ill. Rev. Stat. 1973, ch. 73, pars. 1065.82 and following.) The Garnishee is a nonprofit, unincorporated legal entity which exercises its statutory powers through a board of directors. The assets of the Garnishee come from contributions by various insurance companies doing business in Illinois. See pars. 1065.85, 1065.86 and 1065.87—6.

We find no provision in this statute to justify the assertion made by plaintiff of the existence of a legislative intent that the Garnishee "pay all judgments." On the contrary, the statute sets up two methods for the orderly payment of "covered claims." Under one method, the Garnishee may "process, review, determine and pay all covered claims without participation by the liquidator." (Par. 1065.87—3(b)) Under the alternative method, provided in portion (a) of this same paragraph, the Garnishee "shall pay all covered claims processed, reviewed and determined by the liquidator." This same paragraph provides that the board of directors of the Garnishee "shall elect one" of these alternative methods of payment.

As shown, it appears without contradiction in the record that the directors of the Garnishee have elected to proceed under subsection (a). Consequently, contrary to the contention of plaintiff that it is the duty of the Garnishee "to pay all judgments", it appears with finality from the statute that it is the legal duty of the Garnishee to "pay all covered claims processed, reviewed and determined by the liquidator." Since plaintiff's claim has admittedly not been determined by the liquidator, it is not eligible for payment by the Garnishee at this time. Under these circumstances we need not consider whether plaintiff's claim is a "covered claim" within the statutory definition. Par. 1065.84—3.

The rights of these parties are governed by the statutory provisions above cited creating the Garnishee and regulating its procedure. The Garnishee is thus not indebted to the judgment debtor and does not have within its possession, custody or control any property belonging to the judgment debtor. (Ill. Rev. Stat. 1973, ch. 62, par. 33.) Plaintiff is

not entitled to proceed by garnishment in this type of situation. *Powell v. Prudence Mutual Casualty Co.*, 88 Ill.App.2d 343, 347, 232 N.E.2d 155.

The order for summary judgment was properly entered and it is affirmed.

Order affirmed.

BURKE, P. J., and EGAN, J., concur.