[Civ. No. 3439.   Second Appellate District, Division One.—December 23, 1920.]

THEO. A. WINBIGLER, as Administrator, etc., Appellant, v. GEORGE B. SHATTUCK, as Executor, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS — JURISDICTION OF FOREIGN EXECUTOR—RIGHT TO MAINTAIN SUIT IN THIS STATE.—The authority of an executor or administrator does not extend beyond the jurisdiction of the state or government under which he is vested with his authority; and while a foreign executor may receive property voluntarily given to him, he cannot by suit in the courts of this state enforce the right of the estate thereto.

[2] ID.—PRESUMPTION OF CLAIM BY FOREIGN EXECUTOR — RIGHT OF ACTION THEREON BY ANCILLARY ADMINISTRATOR.—A foreign executor has no authority to present a claim for allowance against an estate being administered in a court of this state; and an administrator with the will annexed, though duly appointed by a court of this state, cannot maintain an action against an estate being administered in a court of this state on a claim presented by a foreign executor.

APPEAL from a judgment of the Superior Court of Orange County.   Z. B. West, Judge.   Affirmed.

The facts are stated in the opinion of the court.

S. M. Davis for Appellant.

Head & Rutan for Respondent.

SHAW, J.—Plaintiff appeals from a judgment rendered in favor of defendant.

D. Willard Beam, a resident of New York, and C. E. Shattuck, a resident of California, were joint indorsers of certain notes issued by a New York corporation designated the Hemlock Lake Canning Company.   Both parties died, leaving these notes unpaid.   Proceedings were had in the courts of the state of New York, wherein Otis A. Beam was appointed and qualified as executor of the last will and testament of D. Willard Beam, deceased.   As alleged in the complaint, which allegation, for the purposes of this decision, we will assume to be true, a claim based upon the

indorsement of the notes by D. Willard Beam, deceased, was presented to his executor, who, after approval and allowance, paid the same out of the assets of the estate, as alleged in the complaint, and which we likewise assume to be true.

Beam's co-indorser, C. E. Shattuck, died at his place of residence in California, and letters testamentary were duly issued to George B. Shattuck, who qualified as executor of his estate. Thereafter Otis A. Beam, in his capacity as executor of the estate of D. Willard Beam, deceased, and under and by virtue of his appointment as such by the courts of New York, presented to George B. Shattuck, as executor of the estate of C. E. Shattuck, deceased, for allowance a claim in the nature of a demand for contribution, which claim was based upon the fact that said claimant had, as executor of the Beam estate, paid the notes so jointly indorsed by D. Willard Beam, deceased, and C. E. Shattuck, deceased. This claim was rejected on the eighteenth day of May, 1917. Thereafter proceedings were had and taken in the Superior Court of Orange County, California, wherein Theo. A. Winbigler was, by an order of court made on July 27, 1917, duly appointed administrator with the will annexed of the estate of D. Willard Beam, deceased, and upon qualifying he, as such administrator and in the absence of presenting any claim himself, instituted this action for contribution, basing it solely and alone upon the claims so presented by Otis A. Beam in his capacity as executor of the estate of D. Willard Beam under and by virtue of the appointment so made by the court in the state of New York.

Upon this statement of facts, clearly shown by the record, we are of the opinion that plaintiff in no event was entitled to maintain the action; hence no purpose could be served in discussing other rulings of the court assigned as error.

[1] It is fundamental law that "the authority of an executor or administrator does not extend beyond the jurisdiction of the state or government under which he is vested with his authority"; and while a foreign executor may receive property voluntarily given to him, he cannot by suit in the courts of this state enforce the right of the estate thereto. (Sec. 1913, Code Civ. Proc.; *Estate of Rawitzer*, 175 Cal. 585, [166 Pac. 581].) [2] Indeed, as we understand counsel for appellant, he concedes this proposition, but, with-

out citing any authority in support thereof, insists that a distinction should be drawn between the authority of such foreign executor to present a claim for allowance and the right to maintain such an action. Under section 1500 of the Code of Civil Procedure a necessary prerequisite of enforcing the payment of a debt against the estate of a deceased person is that a claim based thereon and supported by an affidavit (sec. 1494, Code Civ. Proc.) shall be duly presented to the executor or administrator for allowance, and thereafter, if allowed by the executor, it shall be presented to the judge for his approval, which, if given, shall be indorsed thereon, and then, upon the filing of the same, it "shall be ranked among the acknowledged debts of the estate, to be paid in due course of administration." (Sec. 1496, Code Civ. Proc.) On the other hand, if rejected by the executor or administrator, upon a proper presentation by one entitled to have it allowed, an action may be brought, the effect of which, upon obtaining judgment, is to establish the claim against the estate, to be likewise paid in due course of administration. The act of Otis A. Beam in presenting the claim, as shown by the letters testamentary issued out of the New York court, was in his representative capacity as executor of the estate of D. Willard Beam, deceased, but such letters possessed no extraterritorial force outside of that state. Under and by virtue of them Otis A. Beam was vested with no power to exercise the functions of the office of such executor in this state, or take any of the statutory steps to collect the debt alleged to be due his testator. (Schouler on Executors, secs. 164 and 173.) Outside of the state of New York the letters testamentary issued to Otis A. Beam constituted no evidence of his authority to act here in a representative capacity. His relation to the estate of D. Willard Beam, deceased, was, as to defendant, that of an entire stranger, and, hence, entitled to no recognition as having authority to deal with the property as assets of the estate in California in any manner whatsoever. Had the claim been allowed and paid, his receipt therefor could not be deemed an acquittance to defendant in protecting him from the claims of possible creditors of D. Willard Beam in this state.

Moreover, the action was brought by plaintiff herein upon a rejected claim not presented by him, but by another party,

between whom and himself there existed no privity. (*Low* v. *Bartlett*, 8 Allen (Mass.), 259; *Richards* v. *Blaisdell*, 12 Cal. App. 101, [106 Pac. 732].)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.