272 P.2d 157

**WILCOX**

v.

**DISTRICT COURT OF SALT LAKE COUNTY et al.**

No. 8114.

Supreme Court of Utah.

June 22, 1954.

Ray, Rawlins, Jones & Henderson, William Ingebretsen, Salt Lake City, for plaintiff.

E. L. Schoenhals, J. Royal Andreasen, Salt Lake City, for defendants.

HENRIOD, Justice.

This case arises out of a petition for issuance of a writ of prohibition, which we issued temporarily and which we now make permanent with costs to petitioner.

In 1928 the District Court of Salt Lake County entered a divorce decree in favor of Edna Abbott Wilcox and against Don E. Wilcox, included in which was an award of $30 per month as support for a minor child. Don E. Wilcox died in 1953 in California and petitioner herein was appointed his executrix. Edna Abbott Wilcox, on petition, caused to issue out of the District Court in said divorce action, an order to show cause why said executrix should not be substituted as defendant in said divorce action and why judgment should not be entered against her, as such, for the amount found due for the unpaid support money. Personal service of the order was effected in California. She appeared specially and assailed the jurisdiction of the Utah Court either to substitute her as defendant or render a judgment against her. We believe and hold that her special plea is well taken.

The Conflicts Restatement, Sec. 512, p. 617 states that "no action can be maintained against any administrator outside the state of his appointment upon a claim against the estate of the decedent," and the commentator then asserts that the rule maintains although the action was commenced against the decedent while alive and where the court had jurisdiction of his person.

We adhere to the principle enunciated in the Restatement which appears to govern the case before us. It seems generally to be conceded that a personal representative of a deceased person can sue or be sued, or can be a party to an action or proceeding in his official capacity as representative, only in the state wherein he was appointed, and that his role as extended personality of the deceased does not exist extraterritorially but only within the four corners of the state of his appointment,[1] except, as here, where, by special appearance or extraordinary writ the court's jurisdiction to entertain the litigation itself is attacked.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

WOLFE, C. J., being disqualified, did not participate in the hearing of this cause.

1. Restatement, Conflict of Laws, supra; Schouler, Wills, Executors and Administrators, Vol. II, 5th ed. (1915), Secs. 1164 and 1173; "Conflict of Laws," by Cheatham, Goodrich, Griswold and Reese, 3rd ed. (1951), notes pp. 849 and 851; McMaster v. Gould, 1925, 240 N.Y. 379, 148 N.E. 556, 40 A.L.R. 792; Winbigler v. Shattuck, 1920, 50 Cal.App. 562, 195 P. 707.

LEWIS, District Judge (concurring in the result).

I agree that the district court is without jurisdiction in the instant case and that the writ should accordingly be made permanent. The majority opinion, however, announces a very broad and all-inclusive rule to the effect that a foreign administrator can never be a party litigant in the courts of this State. No distinction is made between actions where original jurisdiction is sought and actions pending where simple substitution is sought under the Rules of Civil Procedure.[2] In the latter class of actions I am not prepared to say a foreign administrator could not be substituted in *any* case. Recent and well-reasoned authorities[3] under the comparable federal rule,[4] clearly negativing the "four corners" rule of the main opinion, supports my hesitancy.

Substitution of parties under Rule 25(a)(1) is dependent, among other things, upon two basic pre-requisites. (a) A cause of action that survives, and (b) a pending action. In the instant case, the divorce was long since final and the continuing jurisdiction of the court over the parties had not been invoked at the time of the death of Don E. Wilcox. There was no pending action as the phrase pertains to substitution of parties. For that reason I concur in the result.

2. 25(a) (1) Utah Rules of Civil Procedure.

3. Commercial Solvents Corporation v. Jasspon, D.C., 10 F.R.D. 356.

4. Rule 25(a) (1) Federal Rules Civ.Proc. 28 U.S.C.A.