311 P.2d 376

Irene PAUL and Charles J. Paul, Plaintiffs and Respondents,

v.

Woodrow Lawrence KIRKENDALL, John Doe, Jane Doe and John Doe Company, Defendants,

and

Maryland Casualty Company, a corporation, Garnishee and Appellant.

No. 8572.

Supreme Court of Utah.

May 22, 1957.

---

23. 87 Utah 237, 48 P.2d 530. See also Tygesen v. Magna Water Co., 119 Utah 274, 226 P.2d 127.

Howell, Stine & Olmstead, Richard W. Campbell, Ogden, for appellant.

Young, Thatcher & Glasmann, Ogden, for respondents.

WORTHEN, Justice.

Appeal from an interlocutory order denying appellant's motion for summary judgment. Defendant Kirkendall will be referred to as defendant.

Plaintiffs herein recovered a judgment entered upon a jury verdict against defendant in the sum of $20,000 for personal injuries arising out of an automobile accident. That judgment was affirmed on appeal to this court: 1 Utah 2d 1, 261 P.2d 670.

Garnishee, appellant herein, had issued a policy of insurance in favor of defendant, and paid the judgment to the limit of its policy coverage of $10,000, together with interest.

Plaintiffs, after execution was returned unsatisfied, sued out a writ of garnishment with interrogatories, which was served on appellant, Maryland Casualty Company, as garnishee. In the interrogatories, it was asked, among other things, if garnishee was indebted to defendant. The answer to this question was negative.

Plaintiff then replied to the answers, alleging that garnishee was indebted to defendant in the amount by which the judgment taken against defendant exceeded the amount of the policy coverage.

Plaintiffs in their second reply to garnishee's answer pleaded certain affirmative matters upon which it predicated its contention that garnishee was obligated to defendant, to wit:

That prior to the trial of the above entitled action, the garnishee had an opportunity to settle all of the claims of plaintiffs against the defendant for less than the coverage of defendant under the policy issued by garnishee; that garnishee *negligently and carelessly and in violation of its duty failed and refused to settle notwithstanding garnishee knew, or in the exercise of reasonable care should have known,* that defendant was liable to the plaintiffs for damages far in excess of the limits of the policy. That in so refusing to settle, garnishee acted in bad faith. That garnishee carelessly and negligently and in bad faith elected to defend the said action upon the question of the amount of damages only, and elected to admit liability of defendant for all damages proceeding therefrom. That garnishee negligently and carelessly pre-

sented a defense as to the amount of damages only upon the theory that defendant was not liable for damages resulting from an operation to which plaintiff Irene Paul submitted for the correction of *physical injuries sustained in the accident.* That the garnishee assumed the complete defense of the action and refused said proferred settlement *without consulting with the defendant or legal counsel retained by defendant,* and garnishee further carelessly and negligently and in bad faith excluded the defendant's attorney from the trial of said cause and from participation in the appeal which the garnishee subsequently took from the judgment entered. Plaintiffs' reply to garnishee's answers prays as follows:

"Wherefore, plaintiffs pray judgment in favor of the defendant Woodrow Lawrence Kirkendall to the use of the plaintiffs and against the Garnishee Maryland Casualty Company for the said sum of Ten Thousand Six Hundred Five and 39/100 Dollars ($10,605.39) with interest thereon at eight per cent (8%) per annum from November 20, 1953, and for costs of court herein."

Two additional facts are disclosed in the reply to the answer of the garnishee, as follows: (a) That at the time of trial the defendant was not in the United States but was *in the vicinity of Arabia;* (b) In paragraph five of the reply to the answer of the garnishee, it is alleged that immediately after the accident: "The plaintiffs

made claim for their injuries and damages aforesaid against said defendant and said claim was referred to the garnishee for handling and was by the garnishee denied."

The question presented by this interlocutory appeal is whether or not the liability of the garnishee, if any, alleged in plaintiffs' reply to the garnishee's answers herein may be reached by garnishment.

The answer to the question must be determined by analyzing Rule 64D, Utah Rules of Civil Procedure, relating to Garnishment. We quote pertinent portions of said rule.

Rule 64D(d) provides:

"The writ shall be issued in the name of the state of Utah and shall be directed to the * * * garnishee or garnishees, advising * * * that he is attached as garnishee in the action, and commanding him not to pay any debt due or to become due to the defendant but to retain possession and control of all *personal property, effects* and *choses in action* of such defendant until further order. The writ may further require the garnishee to answer interrogatories * * * (1) whether the garnishee is indebted to the defendant, either in property or money, * * * (2) whether the garnishee has in his possession, in his charge, or under his control any *property, effects, goods,*

*chattels, rights, credits or choses in action* of the defendant, or in which the defendant is interested; * * * ". (Emphasis added.)

Rule 64D(h) provides:

"If the garnishee answers the plaintiff may, within 10 days after the expiration of the time allowed for the filing of such answer, serve upon the garnishee and file a reply to the whole or any part thereof; and may also *allege any matters which would charge the garnishee with liability*. Such new matter in the reply shall be taken as denied or avoided, and *the matter thus at issue* shall be tried in the same manner as other issues of like nature. * * * " (Emphasis added.)

Rule 64D(m) provides:

"Every garnishee shall be allowed to *retain or deduct out of the property, effects or credits* of the defendant in his hands all demands against the plaintiff and against the defendant of which he could have availed himself if he had not been served as garnishee, whether the same are at the time due or not. Such garnishee shall be liable for the balance only after all mutual demands between himself and the plaintiff and defendant are adjusted, *not including unliquidated damages for wrongs and injuries*. The verdict or finding, if any, and the judgment shall show against which party any such claim is allowed, and the amount thereof." (Emphasis added.)

In plaintiffs' brief it is contended that the chose in action in favor of defendant and against the garnishee is a liquidated claim in the amount of $10,605.39. It is impossible either to agree with this contention or to follow the processes by which such conclusion is reached, and the contention is without facts to support the same.

However, we are not here concerned with the substantive rights between Kirkendall and the Maryland Casualty Company. The insured is not here complaining of any act or omission on the part of garnishee by which he claims to have been damaged.

There is a complete lack of any suggestion that the plaintiffs have been authorized to protect defendant against the garnishee. There is no suggestion that defendant's rights against the garnishee, if any, have been assigned to plaintiffs.

Garnishee cannot be held liable under a chose in action not held by garnishee. If held by anyone, the chose in action set out in plaintiffs' second reply to answer to garnishee is held by defendant, so far as appears.

Plaintiffs have proceeded on the theory that by their second reply to answers of garnishee there is presented by plaintiffs alone a justiciable issue between defendant and garnishee. Plaintiffs seek to make defendant in the original action brought by

260.

plaintiffs against defendant the plaintiff in this garnishee action for the purpose of having the liability of garnishee to defendant litigated. Plaintiffs ask judgment against garnishee in this proceeding, which is not the proper method to determine liability of garnishee to defendant upon the tort asserted by plaintiffs, but not asserted by the party who sustained the damage, if any.

It appears to us that a reasonable interpretation of Rule 64D will not permit the adjudication of a pure tort claim in a garnishment procedure. To do so compels the garnishee to enter into combat with an adversary other than its insured and do battle with one who had never had any contract relation with him.

As we understand the position of plaintiffs and the trial court, it is that there is presented an issue of fact with respect to the alleged negligence and bad faith of the garnishee in failing to settle the claim of plaintiffs against the defendant. We further understand plaintiffs to contend that any unliquidated tort claim may be garnished by one holding a judgment against the person who claims a chose in action against one who might be sued by the judgment debtor.

Such a doctrine is shown to be more vulnerable by illustration.

A has a judgment against B. B is execution proof. C runs into B's car. B hasn't started any action against C but A has garnishment issue against C in the original action wherein judgment was entered against B. C answers that he is not indebted to B and also answers that he has not in his possession, in his charge or under his control any property, effects, goods, chattels, rights, credits or *choses in action* of defendant B.

A takes issue with C's answers and alleges that C has a chose in action of defendant B by reason of C's having negligently inflicted injury upon B, and asks that the issue of C's liability and the extent thereof be tried in the garnishment proceeding.

We do not believe that the garnishment proceeding may become the means by which C can be required to defend against the claim of A that C is obligated to B without ever having a chance to face B in determination of said issue.

In the illustration we are unable to see that the so-called claim of B for damage to B's car is a chose in action belonging to B but held by C.

It does not seem to us that a reasonable interpretation of Rule 64D will support the judgment entered by the court below.

It must be conceded that the purpose of our garnishment statute is to enable a creditor to reach and attach property described in Rule 64D belonging to the judgment debtor, in the possession or under the control of a third person. It must be

apparent that Maryland Casualty Company was not at any time the holder or possessor of a *chose of action against itself* belonging to the defendant. The garnishment rule does not contemplate litigation of a chose in action between the creditor and the garnishee. All garnishee is required to do is to hold any property, goods, chattels, choses in action *of the defendant* which the garnishee has in his possession. Garnishee is not required to litigate his liability for a judgment under a chose in action held by him. If the garnishee surrenders the property of defendant being held by him and pays the money due to defendant from him, he has no further obligation except to truthfully report.

If the matter were tried in accordance with Rule 64D(h), there would be no determination of the issue of garnishee's liability to defendant because of its negligence and bad faith as set out in plaintiffs' second reply. The only liability with which garnishee is to be charged under subdivision (h) of the rule is the answers to the interrogatories. Unless garnishee was indebted to defendant on the unliquidated tort claim set out in plaintiffs' second reply, which we cannot concede, then all that could be determined is the question as to whether garnishee is holding a chose in action belonging to defendant. We are of the opinion that (as of the time the garnishment was served) the claim of defendant set out in the second reply is not a debt presently due from garnishee requiring garnishee to turn over the full sum of $10,605.39 plus interest. Rather it is an unliquidated tort claim. The trial court so considered it. In its ruling denying the motions for summary judgment and ordering the matter set down for trial in the garnishment proceedings, the court said:

"* *. * And it appearing to the court that under the Utah Rules of Civil Procedure and the Statutes of the State of Utah in such cases made and provided, garnishment is an available and proper remedy for the plaintiffs herein. * * * And for that purpose is a proper remedy and proceeding in which to try issues of fact and law arising out of the alleged liability of the garnishee to the defendant Woodrow Lawrence Kirkendall for the use and benefit of the plaintiffs. And it further appearing to the court from the pleadings of the parties in such garnishment proceedings and from the affidavits filed in support of said motions *that an issue* of fact exists with respect to the alleged negligence and bad faith of the garnishee in failing to settle *the claim* of the plaintiffs against defendant Kirkendall. * * *"

Let it be assumed that the facts alleged in plaintiffs' second reply to defendant's answer show the existence of a chose in action in favor of Kirkendall and against garnishee which would support a judgment

262

against garnishee which we do not here decide, nevertheless we are of the opinion that that chose in action must be processed by defendant's instituting an action in court against the garnishee where all rights and issues may be determined and cannot be litigated in the garnishment proceeding.

The judgment is reversed and remanded to the district court with directions to enter summary judgment in favor of garnishee and against plaintiff.

*Costs to garnishee.*

McDONOUGH, C. J., and WADE and HENRIOD, JJ., concur.

CROCKETT, J., concurs in the result.