403 P.2d 655

Phyllis LANG, Plaintiff and Appellant,

v.

J. Robert LANG, Defendant,
Samuel J. Carter, Intervenor
and Respondent.

No. 10225.

Supreme Court of Utah.

June 28, 1965.

---

4. Kent Club v. Toronto, 6 Utah 2d 67, 305 P.2d 870; Disabled American Veter-
ans' Club, etc. v. Toronto, 12 Utah 2d 213, 364 P.2d 830.

D. M. Amoss, Salt Lake City, for appellant.

Franklin Riter, Fred L. Finlinson, Salt Lake City, for respondent.

CROCKETT, Justice:

This appeal raises the question whether a Utah resident who has been appointed by a California court as executor of the estate of a California decedent, and who holds money from such estate in Utah, is subject to garnishment from a Utah court.

The plaintiff, Phyllis Lang, had recovered judgments in our Third District Court against the defendant, Robert Lang totaling $13,480.00. It had been determined that the latter was to receive certain funds from the estate of his father, John Lang, former Utah industrialist, whose estate was being probated in the Superior Court of Orange County, California, and of which intervenor Samuel J. Carter, resident of Utah, had been appointed executor. Plaintiff had caused to be issued out of our Third District Court a Writ of Garnishment which was served upon Mr. Carter.

In response to the question whether he was indebted to the defendant, Robert Lang, he answered:

"Yes—as executor of the estate of John Lang, deceased, in the Superior Court of California."

As to whether he had assets in his possession, he answered:

"Yes—as such executor, I have in my possession $9,375.00 owing to defendant * * *"

Upon the basis of those answers a garnishee judgment was entered against "Samuel J. Carter as executor of the estate of John Lang, deceased" in the amount stated. A motion was thereafter made to set aside that garnishee judgment on the ground that the district court had no jurisdiction over Mr. Carter in his capacity as executor appointed by the California court. The motion was granted and the plaintiff appeals.

In approaching the question whether the intervenor executor is subject to garnishment, we first note our agreement with the contention that an executor of an estate cannot be charged as garnishee in an action against an heir or legatee before the court has ordered distribution.[1] At that time there has been no determination as to what, if anything, the heir is entitled to, and no money is then actually payable to him. However, the situation we have here is different. Once the share in the estate is ascertained and ordered paid, it is then payable to the heir and he is entitled to demand and receive it from the executor. Should the latter refuse, the heir could sue and recover it. Under those cir-

1. E.g., see Russell v. Prospect Lodge, 172 Okl. 622, 46 P.2d 478 (1935). See generally Anno., 59 A.L.R. 769.

cumstances the fund may be garnished by a judgment creditor of the heir.[2] The issuer of the garnishment simply stands in the shoes of and is subrogated to the rights of the creditor, in this case the heir (Robert Lang).[3]

However, defendant goes beyond this and contends that because Mr. Carter holds the money in the capacity of an executor appointed by the California court, he is only subject to the orders and the process of the courts of California, and that the courts of Utah have no jurisdiction over him, or over the "California funds." The ends of justice are not best served by being unduly concerned with niceties as to names or titles. To accomplish its objectives it is often necessary to disregard technicalities of nomenclature and look to substance and to the basic rights of the parties involved.[4] In doing so here, it will be seen that the fundamental facts are that Mr. Carter, by whatever title he may be addressed, was here in the state

of Utah; that he had in his possession here money which it had been judicially determined belonged to Robert Lang; and which had been ordered paid over to the latter.[5] This made him Robert Lang's debtor, and he would have been obliged to pay the money over to the latter on demand. Thus, under the rule hereinabove stated, it was subject to garnishment.[6] The fact that in the garnishment process, and in his answer, there was added after Mr. Carter's name the term "Executor of the Estate of John Lang," does not change the essential nature of the situation nor the conclusion just stated. No one could have been in any way misled or prejudiced by the addition of that title.

The reference to the money which was in Mr. Carter's possession here in Utah as "California funds" is simply a misnomer. The money is, of course, not any more California funds than it is the funds of any other state, including Utah. Money is an intangible that follows the location of the debtor for jurisdictional purposes.[7] It

2. E.g., Barusch v. Brainard, 10 F.2d 448 (9th Cir. 1926). See Anno. 59 A.L.R. 777; 4 Bancroft, Probate Practice, 504 (2d ed. 1950).
3. That creditor issuing garnishment is subrogated to rights of original creditor, see Con. Nat. Bank of Tucson v. Reiniger Mining & Smelting Co., 111 Cal.App. 64, 295 P. 79.
4. See Rules 8(f), and 61, U.R.C.P. and annotations which follow; and generally see 3 Barron & Holtzoff, Federal Practice & Procedure, § 1351–52 (Rev. ed. 1958).

5. Distinguishable from the case of Wilcox v. District Court, 2 Utah 2d 227, 272 P.2d 157, wherein the attempt was to have the Utah court assert jurisdiction over a California appointed executrix who was in California, so the person and the assets were in California.
6. See footnote 2 above.
7. Rule 64D(a), U.R.C.P. omitted the requirement contained in our former statute, (Sec. 104–19–1, 1943 Code) that if the defendant was not personally served with summons in this state, then the indebtedness had to arise or be payable

**14**

can be sued for and collected or garnished in any state that has jurisdiction over him.[8]

From what we have said it should be plain that the money held by Mr. Carter was subject to the garnishment and to the garnishee judgment, which should be reinstated. Costs to plaintiff (appellant).

McDONOUGH, WADE and CALLISTER, JJ., concur.

HENRIOD, Chief Justice (dissenting).

I must dissent. The main opinion says this case is "distinguishable from the case of Wilcox v. District Court, 2 Utah 2d, 227, 272 P.2d 157 (1954), wherein the attempt was to have the Utah Court assert jurisdiction over a California appointed executrix who was in California, so the person and the assets were in California." That case says no such thing. All it said was that a California appointed representative of a deceased person officially can exercise his authority no further East than the California checking stations. I think the cases are indistinguishable on principles of conflicts of law. In this case it is not so much one of jurisdiction over a "res" but one of jurisdiction over an out of state official, who incidentally is holding a res.

in this state in order for a Writ of Garnishment to issue, see Restatement (Second), Conflict of Laws § 108, (Tent.

Draft No. 4, 1957); Restatement, Judgment, § 36 (1942).

