[Civ. No. 8575.    Fourth Dist., Div. One.    July 13, 1967.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Plaintiff and Appellant, v. JUNE GESLER, as Administratrix, etc., Defendant and Respondent.

Samuel B. Stewart, Robert H. Fabian and Yale M. Harlow for Plaintiff and Appellant.

Banyard & Portigal, Robert A. Banyard and Robert Pike, Jr., for Defendant and Respondent.

WHELAN, J.—Plaintiff appeals from a judgment of dismissal following an order sustaining a demurrer without leave to amend.

The sole point involved is whether an action may be maintained against a decedent's personal representative upon an unverified claim. We hold that the provisions of section 705, Probate Code, require that a claim must be verified, and that no equitable considerations are present here that would permit of an exception to that rule.

Edward M. Gesler died on March 5, 1965.

After the qualification of an administratrix, notice to creditors was first published on September 4, 1965, and the affidavit of completed publication duly filed.

Plaintiff on September 10, 1965, filed with the clerk of the court a demand for special notice dated September 8, 1965, in which plaintiff described itself as a creditor. To the demand was attached a copy of a promissory note which had been executed by the decedent on October 21, 1964 in favor of plaintiff for $4,650; the note was payable on demand, or if no demand on April 21, 1965. On the reverse of the copy appeared: "10-21-64—Balance $4650.00."

Copies of the document as filed were mailed to the administratrix and to her attorneys.[1]

On April 28, 1966, almost two months after the expiration of the six-month period to file claims, plaintiff filed in duplicate with the clerk of the court what purported to be a verified "Amended Creditor's Claim" covering the note, in form which would have been sufficient if filed within the statutory period.

The complaint alleged that no part of the principal or

---

[1]In a reporter's transcript of the oral proceedings on the hearing of the demurrer, it was represented by defendant's attorney, and not denied, that on September 7, 1965 he sent a letter to the plaintiff at the branch office which held the note, to the attention of the manager who signed the request for special notice, telling him of the qualification of the administratrix, and closing with this paragraph:

"Enclosed for your convenience in making the claim is the form of Creditor's Claim used in the Orange County Superior Court in quadruplicate."

interest on the note had ever been paid; and that the whole was owing and unpaid.

No affirmative action was taken by the administratrix with regard to the self-styled amended creditor's claim.

In announcing that it sustained the demurrer, the court said: "I assume there is nothing to be gained by granting a need to amend," to which plaintiff's attorney responded: "No, I don't believe so. We will have to go on from here."

Section 705, Probate Code, is specific in its declaration: "Every claim which is due, when filed or presented, must be supported by the affidavit of the claimant or someone in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant."

The omitted statement that no payments have been made that have not been credited has been held to have been supplied by other language to the same effect (*United States Fid. & Guar. Co.* v. *Keck,* 75 Cal.App.2d 828 [171 P.2d 731]) ; and affidavit by a non-resident claimant's attorney has been held to meet the requirements (*Doolittle* v. *McConnell,* 178 Cal. 697, 711 [174 P. 305]).

Where the executor and the probate judge approved claims verified by the claimant's attorney who did not state in the verification the reason for his making the verification, such allowance of the claims was held to establish *prima facie* their validity. (*Estate of Swain,* 67 Cal. 637 [8 P. 497].)

The result has been different where a claim with such a form of verification has been rejected. (*Perkins* v. *Onyett,* 86 Cal. 348 [24 P. 1024].) ". . . the claim must of necessity be authenticated by a verification which on its face contains the essential matters prescribed by section 1494 of the Code of Civil Procedure." (*Doolittle* v. *McConnell, supra,* 178 Cal. 697, 712.) (See also *Winbigler* v. *Shattuck,* 50 Cal.App. 562 [195 P. 707].)

The self-styled amended creditor's claim was not filed within the six-month period after first publication of notice to creditors. If we consider for argument's sake that the filing of the request for special notice with the copy of the note attached was a claim that might be amended, we would be compelled to rule that the purported amendment was as to several matters of substance one of which was the adding of a verification. Amendments in matters of substance may not be

made. (*In re Sullenberger,* 72 Cal. 549, 552 [14 P. 513]; *Estate of Turner,* 128 Cal. 388 [60 P. 967].)

Judgment affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied August 1, 1967, and appellant's petition for a hearing by the Supreme Court was denied September 7, 1967.