**WHITLOW & ASSOCIATES, LTD., a Hawaii Corporation, Appellee,**

v.

**FIRST WESTERN FIDELITY, a Real Estate Investment Trust, Appellant.**

No. 200-69.

United States Court of Appeals, Tenth Circuit.

Oct. 26, 1970.

Lon Rodney Kump, of Richards & Watkins, Salt Lake City, Utah, for appellant.

James R. Brown, Salt Lake City, Utah (Neslen & Mock, H. Byron Mock, and

Kent Shearer, Salt Lake City, Utah, with him on the brief), for appellee.

Before MURRAH, SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

The trial court entered a judgment against appellant-garnishee as a summary judgment. The garnishee has taken this appeal asserting that the summary proceedings were not proper because there were material facts remaining unresolved.

The record is short but a somewhat extended description of the facts is necessary in view of the several related proceedings.

Appellee, Whitlow & Associates, Ltd., obtained a default judgment against Intermountain Brokers, Inc. in the United States District Court for the District of Hawaii. Whitlow filed the judgment in the Utah federal court in July 1965 and had writs of garnishment issued against Stanley Title Company and First Western Fidelity, the appellant.

The writs of garnishment, together with interrogatories under the Utah practice were served on the garnishees. By way of answer thereto, Stanley Title Company stated that it was the escrow agent under a real estate sale escrow agreement between Charles L. Wall as seller and First Western Fidelity as purchaser, out of which a commission might become due from First Western to Intermountain Brokers, the judgment-debtor, and that the sale and the title to the property were then being litigated in State court. First Western responded that it was the purchaser and Wall the seller of certain Utah real property; that Stanley Title Company was the escrow agent for that contract; that Intermountain Brokers, the judgment-debtor, claimed to be an assignee from one Edward Ashton and Company of the real estate commission arising from that contract. First Western also answered that it had agreed with Wall to pay that commission by means of a promissory note, which has become the center of this litigation, for about $17,000, and "certificates of beneficial interest" in First Western in the amount of about $10,000, but Wall had never delivered marketable title to all of the property. It was further stated that the sale was the subject of a lawsuit in Utah State court in which First Western was a defendant and third-party plaintiff, and Intermountain Brokers was a third-party defendant, and that the decision in that case which involved many parties might resolve whether Intermountain Brokers was entitled to the commission. This response to the interrogatory was verified.

Whitlow filed a "Reply to Answers of Garnishee" alleging that First Western was directly liable to Intermountain Brokers, and denying almost everything else in the answer to interrogatories on the ground they were without sufficient information to form a belief as to their truth or falsity.

On April 5, 1966, the State court entered a judgment-decree in the case pending before it in which it determined, inter alia, that Intermountain Brokers was entitled to the 5,706 shares of First Western and the promissory note of $17,168, all held in escrow by Stanley Title Company.

On May 23, 1968, in this action, and by way of discovery under the federal rules, Whitlow submitted requests for admission to First Western, inquiring, among other things, whether a copy of the attached promissory note from First Western to Edward Ashton and Company, of whom Intermountain Brokers was the assignee, was a true copy thereof and whether any portion of the amount, $17,168, had been paid. First Western responded by admitting that the copy was a true and correct copy of the note, admitting that no part of the note had been paid, but stated in addition that the note was not good, that it had defenses thereto on the grounds that the note was never delivered, that there was no valuable consideration. It also stated that its obligation under the

note was then being litigated in a Utah State court in Salt Lake County. This pleading was also verified.

On the basis of these pleadings, Whitlow moved for summary judgment against First Western as a garnishee defendant. On July 23, 1968, Whitlow and First Western stipulated to withdraw the motion and agreed that the case instead be placed on the pretrial calendar. The court so ordered. At pretrial however the court granted Whitlow's motion for summary judgment, and entered a money judgment in the amount of $14,688.29 against First Western.

The appellee Whitlow argues here that the validity and enforceability of the promissory note placed in escrow to pay the agents' commission was admitted by First Western in its answers to the interrogatories filed under the Utah garnishment statute.

In the first of the State procedure interrogatories, Whitlow asked First Western whether it was indebted to the defendant either in property or money. To this, First Western answered "No." In response to an additional interrogatory which inquired as to whether First Western knew of any debts owing to defendant, First Western did not give a yes or no answer, but explained by referring to litigation which was then pending in the court of Davis County, Utah. In its explanation it was admitted that the pending litigation concerned a real estate commission, certain certificates, and a promissory note. Further answer was given that such lawsuit "might resolve whether or not Intermountain Brokers, Inc. is entitled to anything which is presently being held in the Stanley Title Escrow."

This must fairly be taken to be a direct denial of any indebtedness and no more than a statement that the State case *might* resolve whether or not a commission was due. Whitlow contends further that the Davis County suit resolved the question concerning the commission and that therefore the indebtedness of First Western was thereby admitted. This contention of Whitlow does not necessarily follow because First Western did not admit that its indebtedness to Intermountain would be decided in the Davis County suit, but only that it might be. The State suit involved a large number of parties asserting various interests in the property and in the proceeds of the sale. Furthermore it is apparent from the record that the decision rendered by the Davis County court did not decide the issue here concerned for the reason that the parties were unable to agree upon the meaning of the State court's decree. There was further filed another action in Salt Lake County on the note in question. All of these factors demonstrate that First Western did not intend by its answer to consider the Davis County suit as determinative of its liability, no matter what its result might be. We must conclude that the basic factual issue of the liability on the promissory note in question remained unresolved throughout the proceedings, and that summary judgment was improper. McCullough Tool Co. v. Well Surveys, Inc., 395 F.2d 230 (10th Cir.); Fischer Construction Co. v. Fireman's Fund Ins. Co., 420 F.2d 271 (10th Cir.).

In our consideration of the facts presented to the trial court, we have considered only the answers to the interrogatories and the responses thereto, which were submitted as provided by the Utah rules and practice relating to garnishment, and have not considered the subsequent discovery proceedings under the federal rules. We so find, as recited above, that there survived the indicated factual issue. Further the issues in garnishment proceedings are somewhat limited in Utah. Paul v. Kirkendall, 6 Utah 2d 256, 311 P.2d 376.

In reaching this decision, it is not necessary for us to consider the issue as to whether or not under Rule 69, Fed.R.Civ.P., answers to requests for admissions under federal discovery procedure may or may not be considered on

a motion for summary judgment or an appeal from the granting of a summary judgment under the circumstances here presented. See Rumsey v. George E. Failing Co., 333 F.2d 960 (10th Cir.).

Reversed and remanded.